## JACKSON v. JACKSON.

1. This being a contest between two brothers for letters of administration upon the estate of their deceased father, tried in the superior court upon an appeal from the court of ordinary, and the evidence being such as to authorize a finding in favor of either, the selection to be made was purely a matter for determination by the jury.

2. There was no error in rejecting evidence, nor any abuse of discretion in denying a new trial.

Submitted April 15, — Decided May 7, 1897.

Appeal. Before Judge Harris. Heard superior court. September term, 1895.

*Oscar Reese*, for plaintiff in error.
*Frank S. Loftin*, contra.

FISH, J. This is a contest between two brothers, W. D. and J. T. Jackson, for the administration of the estate of their deceased father, William Jackson. W. D. Jackson, who had been previously appointed temporary administrator, applied to the court of ordinary for permanent letters of administration; to this application J. T. Jackson filed a caveat. The case was appealed to the superior court and there tried before a jury, which found that J. T. Jackson should be appointed administrator upon the estate, and judgment was entered up accordingly. W. D. Jackson made a motion for a new trial, which was overruled, and he excepted.

1. The evidence disclosed the fact that besides the two contestants there were five other heirs at law, sons and daughters of the intestate. Two of these heirs at law, Mrs. Hunt and Mrs. Ashmore, expressed in writing their choice of W. D. Jackson for administrator; and two others, Reuben and Samuel Jackson, in a similar manner selected J. T. Jackson for this office. The remaining heir at law was a lunatic. The two contestants being each next to kin to the intestate, neither had any advantage of the other by reason of the nearness of his relationship by blood to the decedent; and each having been selected for administrator by the same number of the distributees of the estate, the case was one where no person had been "selected, in writing, by a majority of those interested as distributees of the estate." In such a case " the ordinary may exercise his discretion in selecting the one best qualified for the office." Civil Code, § 3367, par. 4. The case being tried on appeal from the court of ordinary, it was the right of the jury to exercise this discretion, and to select from these two applicants the one whom they, under the evidence submitted, deemed best qualified for the office. It is clear that, in the selection made, there was no abuse of discretion by the jury; for the evidence in the case was such as to authorize a finding in favor of either of the contestants.

2. The plaintiff in error complains because the court below "rejected" the testimony of certain witnesses "offered by movant to prove that Reuben and Sam Jackson claimed as his own the place known as the home place, where deceased died, of the value of $1,000, and that the same was the property of the estate, and that the deceased died in possession of and claiming the same"; also, "because the court erred in ruling out the testimony of the same witnesses, to the effect that the deed under which said Sam and Reuben claimed said property was in possession of the deceased at the time of his death, and had never been delivered"; "because the court erred in ruling out the testimony of the same witnesses that Sam and Reuben, aforesaid, had no property with which to buy anything, that they had no money." As neither Sam nor Reuben was an applicant for letters of administration upon the estate, this evidence was entirely irrelevant, and the court therefore did right to exclude it from the consideration of the jury.

*Judgment affirmed. All the Justices concurring.*