## YOPP *et al. v.* ATLANTIC COAST LINE RAILROAD CO.

1. In an action for land, where the plaintiffs declared on a deed which did not in terms describe the land, but contained internal reference to a will under which the grantor in the deed was a beneficiary, it was error to sustain a special demurrer interposed to that paragraph of the petition and the deed attached thereto as an exhibit, on the ground that the allegation and the exhibit were "too general, vague, and indefinite."

2. In such an action, where the petition sought the recovery of the above-mentioned and other land adequately described, it was error to sustain a general demurrer on the grounds: (*a*) That there was no allegation by the plaintiffs, who sued as heirs at law, that there was no administration on the estate of their intestate, or, if so, that the administrator assented to the suit. (*b*) That the defendant was a chartered railroad company, and the petition failed to allege whether the land was used for necessary railroad purposes; and that ejectment will not lie against a railroad company.

No. 884. NOVEMBER 15, 1918. ·

Complaint for land. Before Judge McDonald (of the city court of Waycross). Ware superior court. November 28, 1917.

Mrs. L. B. Yopp and Mrs. C. W. Sauls sued the Atlantic Coast Line Railroad Company, to recover an undivided half interest in certain land in possession of the railroad company. They base their title and right to recover one fourth undivided interest in the land on an inheritance from their mother, Matilda Moore, a daughter of Joshua G. Moore, who was a son of George W. Moore, under the will of the last named. Their mother, who died intestate, was one of four children. They claim one fourth undivided interest through their father, W. S. Brazeal, who died intestate, who took by deed from Henry E. Moore, another one of the children of Joshua G. Moore, and who had one fourth interest under the will of his grandfather, George W. Moore. The will of George W. Moore and the deed of Henry E. Moore to Brazeal are attached to the petition as exhibits. The will, in so far as it affects this

case, is as follows: "I give and bequeath to my grandchildren, they being children of my son, Joshua G. Moore, late of said county, deceased, all the rest and residue of my estate, of whatsoever kind, not hereinbefore bequeathed, share and share alike, and to their heirs forever." The conveying clause of the deed, after stating the consideration, is as follows: "All the rights, titles, claims, and interests which I have or may have against the estate of George W. Moore. . . ¯And I hereby authorize and empower the said Willis S. Brazeal to settle and receipt for to the executors of said estate for such portions of the property, money, goods, or chattels, as may or will be coming to me as legatee of said estate, in such full and ample a manner as I myself could or might have done if this deed had not been made."

To the petition general and special demurrers were interposed. The general demurrer is in the usual form. The special demurrer consists of seven grounds. The third and fourth grounds were sustained, as was the general demurrer. The remaining grounds of special demurrer are not mentioned in the judgment of the court. The third and fourth grounds are as follows:

"3. Because the allegations in the tenth paragraph of plaintiffs' petition and the deed therein referred to, a copy of which is alleged to be attached and marked exhibit 'C,' do not describe the land sued for, and therefore are irrelevant and immaterial; and both the allegations in said paragraph and said exhibit should be stricken.

"4. Because the allegation in the tenth paragraph of plaintiffs' petition, and as well the alleged description of the property conveyed in the deed therein referred to as marked exhibit 'C' to plaintiffs' petition, is too general, vague, and indefinite to constitute a conveyance of the property sued for."

*Bachman & Simmons, W. W. Bennett, Titus, Dekle & Hopkins,* and *C. T. & L. C. Hopkins,* for plaintiffs.

*Bennet, Twitty & Reese* and *Wilson & Bennett,* for defendant.

GILBERT, J. . (After stating the foregoing facts.) The judgment of the court sustaining the special demurrer to the tenth paragraph of the petition, and to the deed which was attached thereto as an exhibit, was erroneous. "Id certum est quod certum reddi potest." The deed contains internal reference to the will of George W. Moore. The two instruments must be construed to-

gether.  The will was probated on January 12, 1846, while the deed from Henry E. Moore, alleged to be one of the children of Joshua G. Moore, was made on December 5, 1853.  It appears, therefore, that on the date of the execution of the deed the grantor had a present interest in the estate of George W. Moore and could lawfully sell and convey the same.  The lands, property, or interests of Henry E. Moore in the estate of George W. Moore may be ascertained from the public records and other legal evidence. The deed, therefore, was not void for uncertainty.  Pate *v.* Sampson Lumber Co., 165 N. C. 184 (81 S. E. 132); Devlin on Real Estate (3d ed.), 1921.  The paragraph of the petition was not demurrable because of vagueness or uncertainty, since the deed which we have held not to be void was a part thereof.

It is insisted by the defendant that the word "legatee," as employed in the deed, refers to personal property and not to real estate, and that the use of the words "money, goods, or chattels" after the word "property" further indicates the intention to convey personal property, and that the authority therein given to the grantee to settle and receipt to the executors of the estate also indicates a reference to personal property.  While there is some legitimate argument in favor of this contention, in our opinion the decision of this important question should not rest upon so narrow a construction.  The intention of the testator should control, rather than a narrow technical construction of words used in his will.  While the word "legatee" generally refers to a beneficiary of personal property under a will, in ordinary usage the terms "legatee" and "devisee" are frequently used as synonymous or interchangeable.

2.  The court erred in sustaining the general demurrer to the petition.  The plaintiffs alleged that they were the owners of one fourth undivided interest in the land described, and attached an abstract of title showing a conveyance from the State and successive conveyances into their mother; also that their mother died intestate, leaving them as her only children, and that their father was also deceased; and they averred that the defendant was illegally in possession of the land.  As against a general demurrer this set out a cause of action.  It is true that the petition contained no allegation as to an administration on the estate of the mother of the plaintiffs, nor as to an assent by such administrator to the suit

brought by them, nor does the petition allege whether or not the land in question was used by the railroad company for necessary railroad purposes as a whole or in part. These defects, if they are defects, would have been cured by verdict, and therefore were amendable. The failure to include allegations in regard to the administration could affect nothing except the right of the plaintiffs to bring the suit, and therefore had reference to whether or not they were the proper parties. This is a subject-matter of special demurrer. *Crummey* v. *Bentley,* 114 *Ga.* 746 (40 S. E. 765); *Stanley* v. *Stanley* 123 *Ga.* 122 (51 S. E. 287). Nothing said in *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44), is in conflict with the ruling here made. In the case last mentioned the ruling was not based upon a demurrer to the petition, but was upon a motion to nonsuit the case on the ground that the plaintiff had failed to produce evidence in reference to an administration. The nonsuit resulted because of the deficiency in evidence, not of pleading. Defendant in error cites the case of *Allen* v. *Gates,* 145 *Ga.* 652 (89 S. E. 821). In this case, as shown by the original record, there was a special demurrer to the petition, based on the ground that the petition failed to include the required allegations in regard to administration. We know of no authority authorizing the dismissal of a petition like that in the instant case on general demurrer because of a failure to allege that there was no administration or that the administrator had assented to the suit. For an interesting discussion of the subject see Powell's Actions for Land, §§ 70, 405, and notes.

The failure to include allegations in regard to how the railroad was using the land was a matter of which the defendant could avail itself in either of two ways. If specific information was desired of plaintiffs, it could only be required by pointing out the defect by way of special demurrer. A defendant railroad company may waive the absence of allegations as to the use made by it of land, in a petition like this, and defend on the ground that the land sued for is occupied by the company and used for necessary railroad purposes. As the case was dismissed, no opinion is expressed as to the conditions under which eviction might result, or under which a money judgment would result in lieu of eviction.

For the reasons stated the judgment of the court sustaining the general demurrer must be set aside.

*Judgment reversed. All the Justices concur.*