## DAWSON v. SHAVE.

Where a man died intestate leaving no wife nor any relatives except one sister and the children and grandchildren of four deceased sisters and one deceased brother, all said relatives being sui juris and qualified to administer on the estate, the person selected in writing by the sister of the intestate was entitled to letters of administration in preference to the person selected in writing by a majority of the children of the intestate's deceased sisters and brother, although these constituted a majority both numerically and in point of interest.

No. 5013. APRIL 15, 1926.

Question certified by Court of Appeals (Case No. 16536).

*W. C. Hodges,* for plaintiff in error.      *W. F. Mills,* contra.

RUSSELL, C. J. The Court of Appeals has asked for instruction upon the following question: "A man died intestate, leaving no wife, nor any relatives except one sister, and the children and grandchildren of four deceased sisters and one deceased brother. The living sister was sui juris and qualified to administer on the estate, and so were the children of the intestate's deceased brother and sisters. Who was entitled to letters of administration, the person selected in writing by the sister of the intestate, or the person selected in writing by a majority of the children of the

Executors and Administrators, 23 C. J. p. 1045, n. 1.

intestate's deceased sisters and brother, this majority being also a majority of the heirs of the estate, both numerically and in point of interest?" As appears from the foregoing question, the intestate left no wife or children. He originally had five sisters and a brother. At the time of his death four sisters and the brother had died, but each was survived by children. One sister only survived him. She alone was his next of kin. Nieces and nephews, the children of his deceased brother and four deceased sisters, while related to the intestate and distributees of his estate as heirs of their father or mothers, can not be his next of kin so long as the sister is alive. It is provided in section 3943 (2) of the Civil Code of 1910: "The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled" to letters of administration. There can be no question that had the sister desired to administer the estate herself, she would have been entitled to the administration in preference to any one of the nieces and nephews, or to any request made by a majority or all of them; for it is conceded that she is qualified. Subsection 6 of section 3943, supra, declares: "The persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he shall be appointed." It appears from the question that a majority both in number and in interest of the persons entitled to the estate nominated a person for administrator, and the next of kin selected another to perform in her stead the duties that she would have unqualifiedly been entitled to perform if she wished herself to perform the office of administratrix. The question raised, then, is, which is entitled to the preference (the fitness of both applicants being conceded), the person selected by the next of kin or the person selected by a majority of the persons entitled to the estate. Subsection 3 of section 3943, supra, prescribes that "If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed," but this can have no application to the question now under consideration, because there are not several of the next of kin equally near in degree, as there might be if the surviving sister had died, but on the contrary there is only one next of kin, and all other distributees of the estate, being only nephews and

nieces, are not next of kin, but heirs of their respective mothers, who were sisters of the deceased, or of the brother of the intestate. They are only heirs of those who were in their lifetimes next of kin. Subsection 3, supra, refers only to instances where the next of kin are several in number, and can not affect a case such as that mentioned in the question where there is only one next of kin.

We construe the decisions in *Tanner* v. *Huss,* 80 *Ga.* 614 (6 S. E. 18), and *Megahee* v. *Megahee,* 143 *Ga.* 738 (85 S. E. 877), as giving to the next of kin, or any person selected by her to act in her stead, a right of administration regardless of the wishes of distributees not so nearly related. As said in the *Megahee* case, supra, "As held by this court, the right to nominate an administrator is given to one who is next of kin at the time of death and who is interested as a distributee." That ruling exactly fits the case stated in the question, and is the judgment of a full bench. The sentence just quoted is completed by the words "and does not extend to the heir of the heir of the deceased," which is immaterial, because the qualification referred only to the facts in the *Megahee* case.

The precise point now before us was not involved in the case of *Mattox* v. *Embry,* 131 *Ga.* 283 (62 S. E. 202), but the importance attaching to the degree of relationship as affecting the grant of letters of administration was pointed out and stressed. Mr. Justice Atkinson, in delivering the opinion of the court and discussing its salient features, says: "Another of the six had also conveyed his interest in the land as security for a debt which was overdue and unpaid, but that did not amount to a surrender of his right to express a choice in selecting the administrator. He continued to be one of the class, 'next of kin equally near in degree to the deceased,' and had an equitable interest in the property left, to wit, the right to redeem; and it was that relationship which, under the Civil Code, § 3367, par. 3 [§ 3943 Code 1910], gave him a right to a voice in the selection of an administrator. . . It appeared that the daughter of the deceased, who married G. A. Webb, had died and left surviving her seven children. It was contended that each of them was entitled to a vote as next of kin in the selection of an administrator, and that, if they were to be contemplated, the six next of kin who had selected Embry did not amount to a majority of all of the next of kin. We do not think

there is any merit in this contention. The Webb children, under the statute of distribution, were not in fact related to the deceased *equally near in degree* [italics ours] with the other persons who selected Embry. The interest in the estate which they acquired was by inheritance from their mother. She was entitled only to one vote, and at most the Webb children as a class could not have a greater voting power than their mother would have had if she had survived." In the present case, aside from the surviving sister, the interest in the estate which the nephews and nieces have acquired is merely by inheritance.

While it has several times been held by this court that in the selection of an administrator the law of relationship should not be relied upon to the exclusion of that of distribution (*Murdock* v. *Hunt,* 68 *Ga.* 164; *Raburn* v. *Bradshaw,* 124 *Ga.* 552, 52 S. E. 922), still it must be borne in mind that section 3931 and section 3943 (Civil Code 1910) should both be considered in the grant of letters testamentary. Subsection 3 of section 3943 provides that "If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate . . shall be appointed." Subsection 2 of this section, that the next of kin shall be entitled to the administration, is mandatory; and in a contest between a sole surviving sister of an intestate upon the one hand and mere nieces and nephews of the intestate on the other, the provisions of section 3931 as to the rules of inheritance must be considered. Subsection 4 of section 3931 declares that children stand in the first degree. Under subsection 5 brothers and sisters of the intestate stand in the second degree, and of course the children of brothers and sisters, to wit, nieces and nephews, will stand one degree further removed in relationship to the intestate. In the instance proposed in the present question there are no heirs in the first degree. The intestate had no children. There is only one in the second degree, the surviving sister. Unless this sister, who stands in the second degree, desired to forego her right to administer the estate of the intestate, any action upon the part of the nieces and nephews in the selection of an administrator would be nugatory. The proximity of relationship to an intestate in a degree has been frequently referred to in the distribution of estates. In *Ector* v. *Grant,* 112 *Ga.* 557 (37 S. E. 984, 53 L. R. A. 723), a first cousin

on the maternal side, though only of half blood, was held to take the estate in preference to a second cousin of the whole blood. In *Houston* v. *Davidson, 45 Ga.* 574, the question was also fully discussed by Judge McCay, and it was held: "that if all the brothers and sisters be dead at the death of the intestate, then the distribution is between the nephews and nieces, *per capita,* and if any· of them be dead, leaving children, distribution is to be made as though the nephews and nieces *were all alive,* the children of the deceased nephew or niece standing in place of the parent." Likewise in the case of *Wetter* v. *Habersham, 60 Ga.* 193, the Joneses were given the preference, because they were related to the intestate in the third degree over the Wetters, held to be related only in the fourth degree. While neither of the cases above referred to or others which we have in mind are strictly in point on the question now before us, still the trend of these previous decisions with relation to inheritance compels the conclusion that in the award of letters of administration the preference should generally be given to the heir or heirs most nearly related to the intestate, if the applicant or the person selected to act by her is qualified to discharge the trust.                                    *All the Justices concur.*