### 20128. WALKER *v.* ROWE *et al.*

BELL, J. 1. Any citizen of the United States who is a resident of the State of Georgia, and who is of sound mind and good moral character and is laboring under no disability, is eligible for appointment as administrator. Civil Code (1910), §§ 3941, 3943; *Mattox* v. *Embry*, 131 *Ga.* 283 (2) (62 S. E. 202). The evidence in the present case raised no issue as to the qualification of either of the parties, and disclosed no occasion for the exercise of a discretion (by the ordinary in the first instance, or by the jury on appeal) as to which of two fit persons was "the one best qualified for the office" (*Jackson* v. *Jackson*, 101 *Ga.* 132, 28 S. E. 608); but the sole question presented was as to whether certain of the next of kin and distributees were entitled to control the appointment.

2. The rulings made in this case upon its former consideration by this court (40 *Ga. App.* 1, 148 S. E. 762, whether correct or incorrect, became the law of the case, binding alike upon the court and the parties, as respects the state of facts in all subsequent proceedings. *Southern Bell Telephone &c. Co.* v. *Glawson*, 140 *Ga.* 507 (79 S. E. 136). "The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case." *City of Atlanta* v. *Smith*, 165 *Ga.* 146 (2) (140 S. E. 369).

3. The facts appearing in the present record are substantially the same as those dealt with in the former hearing, when it was ruled that the court erred in directing a verdict in favor of the present plaintiff in error, since a contrary verdict would have been authorized. In the second trial the court directed a verdict in favor of the present defendant in error. *Held:*

(a) Under the prior decision and the facts as disclosed by the record, the verdict last directed was demanded by the evidence, and the direction so given was a proper disposition of the case.

(b) There being several (that is, more than one) of the next of kin who were equally near in degree, but who disagreed as to the person to be appointed, subsection 3, and not subsection 2, of the Civil Code (1910), § 3943, was applicable, and distributees were entitled to vote in the selection of the administrator, although they were not of the next of

kin. Subsection 2 is applicable only where the next of kin consists of one person only, or of several that agree and act as a unit in designating the person to be appointed. *Dawson* v. *Shave*, 162 *Ga.* 126 (132 S. E. 912); *Halliday* v. *DuBose*, 59 *Ga.* 268.

4. The court did not err in the admission of evidence, or in directing the verdict complained of.

*Judgment affirmed.*   *Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 6, 1930.

*J. T. Sisk,* for plaintiff.

*Thomas W. Jones, Z. B. Rogers,* for defendants.