30882. BIVINS *v.* MIDDLEBROOKS.

FELTON, J. 1. The provisions for the resignation of administrators and guardians are the same. Code, §§ 113-2306; 49-313. In such cases the nearest or next of kin are entitled to notice of the proceedings where they reside in the State. *Gormley* v. *Watson*, 48 *Ga. App.* 46 (171 S. E. 880); Id., 177 *Ga.* 763 (171 S. E. 280). The judgment of the court of ordinary allowing the resignation of a guardian of an incompetent and appointing a successor is void, where it appears that at the time of the application and judgment thereon a niece, one of the nearest of kin of the incompetent, resided within the State and was not notified of the application.

2. There is no statute or law providing that a husband is entitled to priority in being appointed guardian of his incompetent wife or to select one in his stead, but even if there were such a law it would not affect the ruling made above, for the Code sections cited therein make no exceptions.

3. Accordingly, it was not error, on the trial on appeal in the superior court of the issues raised by petition filed in the court of ordinary to set aside the judgment allowing the resignation of the guardian and the appointment of his successor, for the court to direct a verdict declaring the judgment void. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED JUNE 14, 1945.

*D. C. Chalker, Lovejoy Boyer,* for plaintiff.
*W. S. Mann, Dallam R. Jackson,* for defendant.