33606.   DARNELL *et al. v.* TATE *et al.*

DECIDED NOVEMBER 15, 1951.

*Henderson & Burtz, Pickett & Pickett, James H. Therrell,* for plaintiffs.

*Tye, Thomson & Tye, H. G. Vandiviere, H. L. Buffington Jr.,* for defendants.

WORRILL, J. (After stating the foregoing facts.) The Supreme Court of Georgia, in dealing with a general demurrer in the present litigation (*Darnell* v. *Tate*, 206 *Ga.* 576, 586, 58 S. E. 2d, 160), said: "Under the provisions of Code §§ 113-1101 and 113-2306, the court of ordinary has jurisdiction to accept the resignation of an executor and to appoint a successor according to the manner provided for in the will. The selection of a successor executor does not involve a construction of the will, and the item of the will providing for the manner of appointing a successor is plain and unambiguous, and within the jurisdiction of the court of ordinary." The court declined to render a declaratory judgment. Nevertheless, after proceedings to select a successor executor, the parties here express different views as to the proper interpretation of the testator's declaration as to the selection of such a successor, in case of a vacancy, by "a majority of my legatees of age at that time." Twelve of the fourteen person receiving benefits under the will cast votes for a successor executor. Did a "majority of my legatees," who were of age at the time, vote? The plaintiffs in error contend that each of the recipients of property under the will is a "legatee", and a tie having resulted it would be inequitable to permit the vote of the resigning executor to be counted, and, therefore, the bank should have been declared selected.

The defendants in error contend that since the three surviving children are the only ones who took *personal* property under the will they are the only *legatees* of the testator and the only persons entitled to vote for a successor executor. They also contend that if each recipient of property, whether personal or real, is to be considered a legatee, only the three surviving

children would each have a full vote, and that those taking through one primarily entitled would only vote per stirpes. Thus they assert that Steve C. Tate, Sam Tate and Mrs. L. O. Benton, children of Walter E. Tate (a deceased child) would together have only one vote. In this view Steve C. Tate received four full votes, since the three surviving children and the above mentioned grandchildren voted for him. They further contend that Sarah Hinton Shiver, daughter of Emma Tate Hinton (deceased daughter of the testator) would have one full vote; that Alexandria Florence Anderson and Venita Anderson Therrell, daughters of Venita Tate Anderson (deceased daughter) would together have only one full vote; and that Charles T. Darnell, Luke (Lucius) J. Darnell and Mrs. Grace Darnell Baskin, children of Charles T. Darnell Sr., deceased, son of Mollie E. Tate Darnell (deceased daughter) would have only one full vote. In this view the bank received only three full votes and Steve C. Tate was properly chosen by the ordinary and the judge of the superior court acting without the aid of a jury by agreement. They further contend that even if each of the twelve persons who voted had a full vote, then a tie resulted, and the judgment of the ordinary and of the judge of the superior court in favor of Steve C. Tate, for whom the three surviving children, the next of kin voted, was correct.

Whether or not the contentions of the defendants in error as to the surviving children alone being entitled to a full vote each, the other beneficiaries voting per stirpes, might be upheld in another situation, such as in intestacy, it is unnecessary to decide, as we are here dealing with testacy and the express provisions of a will as to the manner in which a successor executor shall be selected. The testator has by his will made persons other than his children, his next of kin, beneficiaries in case of the death of child or children, and it is clear that at the time of the selection of a successor executor several such persons were entitled to take under the will. Since, therefore, the will provided that such successor should be named by a "majority of my legatees" of age when a vacancy should arise, it becomes necessary to determine who were such legatees.

In a narrow sense a legatee is one to whom personal property is given by a will, but in its popular or broader sense a legatee

is one who is a beneficiary of either personal or real property under a will. Redfearn on Wills and Administration of Estates (Rev. ed.), p. 220. Unless a contrary intent appears, the word "legatee," when used in a will, is treated as being used in the popular or broader sense. *Lallerstedt* v. *Jennings,* 23 *Ga.* 571. See also *Yopp* v. *Atlantic Coast Line R. Co.*, 148 *Ga.* 539, 541 (97 S. E. 534). We, therefore, hold that each person to whom any property, real or personal, was given under the will of S. C. Tate was a legatee. We further hold that each legatee, without regard to the nearness of his relationship to the testator, was entitled to a full vote in the selection of a successor executor under the provision of the will that he should be named by a "majority of my legatees" of age at the time. Such prescribed method of selection has reference to a majority by number, and not by the quantum of interest of each. In other words, each legatee should vote per capita, and no particular class of issue per stirpes.

The voting having resulted in a tie under the above-mentioned formula, the selection of a successor executor should not fail, but should be decided by the court as we shall now demonstrate. The Code, § 113-1101, provides: "All the provisions of this Code with reference to administrators of estates, prescribing . . the mode . . of resigning . . and in all other matters in their nature applicable to executors, shall be held and taken to apply to and include executors to the same extent as if they were named therein." In *Gormley* v. *Watson,* 177 *Ga.* 763, 766 (171 S. E. 280), it was specifically ruled that the provisions of the Code, § 113-2306, relating to the resignation of administrators, were made applicable to executors by the Code, § 113-1101, above quoted in part. In paragraph 4 of § 113-1202, setting forth rules for granting letters of administration, their selection, and as to preferences in naming them, the applicant being of sound mind and laboring under no disability, about which no issue is raised in the present case, it is provided: "If no such preference shall be expressed, the ordinary may exercise his discretion in selecting the one best qualified for the office." In *Jackson* v. *Jackson,* 101 *Ga.* 132 (1) (28 S. E. 608), it was held: "This being a contest between two brothers for letters of administration upon the estate of their deceased father, tried in the superior court upon

an appeal from the court of ordinary, and the evidence being such as to authorize a finding in favor of either, the selection to be made was purely a matter for determination by the jury." In the opinion it was recited that there were five heirs at law, sons and daughters of the intestate, and that two voted for one of the applicants and two voted for the other, the remaining heir at law being a lunatic and not voting. It was said by the court that since there was no selection by a majority of those interested as distributees of the estate, it was the right of the jury, on appeal to the superior court, to select the one they deemed best qualified, in accordance with the provisions of the statute, now § 113-1202 (4), and that there was no abuse of discretion as the evidence would have authorized the selection of either contestant. In principle, therefore, and under the Code, §§ 113-1101, 113-2306 and 113-1202 (4) and the cases above mentioned, where there exists a tie in the votes for successor executor as here, and the judge of the superior court, acting without the aid of a jury, decides, as did the ordinary, in favor of Steve C. Tate as against the bank, and there is no issue as to his fitness, such judgment must be affirmed.

The contention of the plaintiffs in error that the resigning executor, a surviving child of the testator, was disqualified from voting is without merit. No authority is cited in support of the argument, and we apprehend none can be found. Although he was the executor under the will of his father, he was nevertheless a legatee, and there is nothing in the will which even remotely suggests that he should not be allowed to vote for a successor executor.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment and in the first division of the opinion. I do not concur in the reason given for affirming the judgment of the lower court. The judgment of the lower court, in my opinion, means that the court found that a majority of the "legatees", as he defined the word, voted for Luke E. Tate as successor executor. If I am correct in this, the court did not exercise discretion in the appointment and the appointment cannot be logically affirmed on that ground. However, since no point is made on the propriety of the appoint-

ment of an executor as successor, instead of an administrator with the will annexed, under the rule of law applying to the selection of an administrator, only the children would have been entitled to vote in such election (*Dawson* v. *Shave,* 162 *Ga.* 126, 132 S. E. 912), and since the children voted unanimously for the appointee, the appointment should be approved, since, under the facts of this case, there is no material difference between an executor and an administrator with the will annexed.