BUTTS *et al. v.* TRUST COMPANY OF GEORGIA, exr., *et al.*

No. 18161. ARGUED MARCH 10, 1953—DECIDED APRIL 14, 1953— REHEARING DENIED MAY 13, 1953.

*Readie P. Ashurst, Marvin O'Neal Jr.* and *Robert Y. Dewar,* for plaintiffs in error.

*Croom Partridge, Grant, Wiggins, Grizzard & Smith, Wm. G. Grant, Robert W. Spears, Frampton E. Ellis, Newell Edenfield, Louis Yancey Jr., Brackett & Brackett, Spalding, Sibley, Troutman & Kelley, W. K. Meadow, John Brewer, Wm. F. Buchanan* and *A. E. Lane,* contra.

WYATT, Justice. The first question presented for decision is the meaning of the words, "nearest of kin then surviving," contained in item 4 of the will. If they mean nearest of kin measured by degrees, then nieces and nephews, being one degree nearer than great-nieces and great-nephews, would take the entire estate. On the other hand, if "nearest" was used by the testator as including also those nearest by representation, as in the statute of distribution, great-nieces and great-nephews would share in the estate per stirpes and as representatives of their deceased parents. Code, § 113-903 (5). The above-quoted phrase is, therefore, ambiguous for the reason that the testator might legally and intelligently have used it in either of these two senses. Accordingly, the entire will, the testamentary scheme disclosed, and the surrounding circumstances should all be looked to in searching for its true meaning.

In the present case, "nearest of kin" was used as meaning the same as "next of kin." This clearly appears from item 5 where the phrases are used synonymously. In Georgia the "word heirs means distributees; and the word distributees means all the next of kin." *Tucker* v. *Adams,* 14 *Ga.* 548, 581. It must be presumed that the testator knew that his "nearest of kin" would change by deaths in his family from time to time. If he wished unmistakably to prefer nieces and nephews, to the exclusion of great-nieces and great-nephews, he had only to use the phrase "nieces and nephews" instead of "nearest of kin." See, in this connection, *Johns* v. *Citizens & Southern National Bank,* 206 *Ga.* 313 (57 S. E. 2d, 182). Yet he did not indicate such preference by using "nieces and nephews," but instead used the very phrase which, without preferring anybody, means literally those who would inherit by law.

Counsel for the plaintiffs in error strongly rely on *Barfield* v. *Aiken,* 209 *Ga.* 483 (74 S. E. 2d, 100), as sustaining their insistence that "nearest" as used by the testator in the present will expressed a preference for those kin by degree. The court there was considering whether the property should be distributed per capita or per stirpes, and not as here whether the phrase "nearest of kin" meant nieces and nephews to the exclusion of great-nieces and great-nephews. However, the decision in the *Barfield* case clearly recognized the principle that, in the construction of wills, the courts should look to that interpretation which carries out the provisions of the statute of distribution, rather than that which defeats them, and, in the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent; also that the use of such terms as "in equal shares" or "equally divided" will not alone be sufficient to overcome this presumption.

Assuming without deciding that technically the phrase "nearest of kin" as used in the present will means nieces and nephews to the exclusion of great-nieces and great-nephews, still the intention of the testator should control, rather than a narrow technical construction of the words used in his will. *Lallerstedt* v. *Jennings,* 23 *Ga.* 571; *Yopp* v. *Atlantic Coast Line R. Co.,* 148 *Ga.* 539, 541 (97 S. E. 534); *Darnell* v. *Tate,* 84 *Ga. App.* 831 (67 S. E. 2d, 819). Is it not possible that in the present case the testator used the phrase "nearest of kin" without reference to its technical meaning, and actually intended it to embrace not only his living nieces and nephews, but the children of those deceased as well? The fact that in item 4 the testator devised and bequeathed one-half of his property to his "nearest of kin," his sister at the time being his sole "nearest of kin," and then added that, in the event his sister was in life at his death, she should not be included in this item, but should "take the portion hereafter provided for her," is indicative that the testator was using the term "nearest of kin" in its popular sense, as meaning his heirs at law pursuant to the statute of distribution. This theory is supported by the language in item 3 where the testator referred to members of his family as benefiting along with his

"nearest of kin," and then in item 5, after taking great pains to provide for his sister, the testator showed no further preference other than to add that, upon his sister's death, the remainder interest should be equally divided among his "nearest of kin."

A different result is not required by the decision in *Wilson* v. *Ingram*, 207 *Ga.* 271 (3) (61 S. E. 2d, 126), holding in effect that the term "children", in the absence of circumstances clearly showing that the testator so intended, did not include an adopted child.

Nor does the decision in *Johns* v. *Citizens & Southern Bank*, 206 *Ga.* 313 (supra), require a reversal of the decision in the instant case. In that case, this court held that a gift to "sisters and brothers," a specified and particular class of persons, was a gift to a class made up of the sisters and brothers living at the death of the testator, and that children of deceased sisters and brothers did not participate. We do not have that situation here but, rather, have a gift to "nearest of kin then surviving," a general term the meaning of which is doubtful and uncertain.

It follows that, in construing the present will, the trial court did not err in holding that it was the intention of the testator that the net residue of his estate be distributed among his heirs at law pursuant to the statute of distributions.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents, and Atkinson, P. J., not participating.*