## ANDERSON *vs.* ROBINSON.

1. A sheriff's deed is not admissible in evidence where no judgment or action on which it was predicated is shown.
2. The plaintiff having failed to show a title, a verdict for the defendant was proper.

October 13, 1885.

Evidence. Deeds. Before Judge ESTES. Lumpkin Superior Court. April Term, 1885.

Reported in the decision.

WIER BOYD, for plaintiff in error.

W. F. FINDLEY, for defendant.

BLANDFORD, Justice.

This was an action in the statutory form to recover the possession of a certain lot of land, by defendant in error against the plaintiff in error. The facts are about these· W. H. Robinson purchased the land in controversy from F. M McGehee in 1862. McGehee went into possession of the land in 1859, and was in possession when he sold

and conveyed to W. H. Robinson. W. H. Robinson afterwards bought the land from T. J. Payne in 1864, and took his bond for titles. W. H. Robinson afterwards sold and conveyed the land to J. M. Robinson, the plaintiff, in 1877. J. M. Robinson put Anderson, the plaintiff in error, in possession of the land. Anderson afterwards purchased the land from the executors of T. J. Payne.

The plaintiff in error tendered in evidence a sheriff's deed from the sheriff of Lumpkin county to T. J. Payne for the land in dispute, which deed was evidenced only by the record of the superior court of Lumpkin county. It was shown that no record could be found of the action or judgment upon which a *fi. fa.* issued, and no *fi. fa.* was shown, such as was recited in the record of the deed offered in evidence, nor was it shown that any record of the judgment ever existed, or that there was such judgment or *fi. fa.* The court rejected the record of the deed, and this forms the only specific ground of error in the motion for new trial.

1. The court did right to reject the record of the deed offered in evidence in this case. If there was no judgment or execution in favor of Payne against W. H. Robinson, then the sheriff had no right to seize and sell the property of Robinson, and convey the same to Payne; and the evidence of the plaintiff in error wholly fails to show the existence of any such judgment and *fi. fa.;* so it must follow that the judgment of the court below on this point was correct.

2. Was this verdict in favor of the defendant in error right, under the evidence in the case? We think that it was. No title was shown in either party. Who the grantee from the state was, does not appear. The first possession of this land was shown to be the possession of F. M. McGehee, who sold and conveyed to W. H. Robinson, who sold and conveyed to J. M. Robinson, who put Anderson, the plaintiff in error, in possession, and who is now in possession.

It is true that Anderson purchased the land from the

executors of T. J. Payne, but it was not shown, or offered to be shown, that T. J. Payne ever had any possession or title to this land. It is therefore plain, under this state of facts, that the verdict was right.

Complaint is made here that the conveyance from Mc-Gehee to W. H. Robinson to the land was not sufficiently shown, but the record shows that no decision of the court below was invoked by the able counsel for plaintiff in error, and no ruling of the court is specified and excepted to. There is, therefore, nothing for this court to rule upon.

Judgment affirmed.