TANNER *vs.* HUSS.

1. In a contest for the administration of an estate between a creditor and one not a creditor nor of kin to the intestate, though nominated by the largest creditor of the intestate, the creditor properly prevailed.

2. Under the code, there is no authority given to creditors to nominate a person to take the administration, in preference to a creditor who is an applicant, unless they nominate a creditor.

(a) Nor does the right of nominating extend to the heir of the heir of the intestate.

April 13, 1888.

Grant of administration. Nomination. Creditor. Heir. Before Judge MARSHALL J. CLARKE. Fulton superior court, September term, 1887.

Reported in the decision.

SAMUEL BARNETT, Jr., and FRANK A. ARNOLD, for plaintiff in error.

BIGBY & DORSEY, *contra.*

BLANDFORD, Justice.

Tanner and Huss were competing applicants for the administration on the estate of Mrs. Heath.   It appears from the record that Mrs. Heath first intermarried with E. Story Brooks, and by him had one child.   She afterwards procured a divorce from Brooks, and subsequently intermarried with two other men, who died before she did, and by whom she had no children.   At her death she left one child, Berrien Brooks, the child above referred to, who was her sole surviving heir at law, and who survived his mother but a few months.

It appears from the record that Tanner, one of these applicants, was neither an heir at law nor next of kin to Mrs. Heath, nor was he a creditor.   Huss, the other competing applicant, was a creditor of the estate.   Tanner, however, was supported in his application by a building and loan association, which claimed to be a creditor of Mrs. Heath, and the largest creditor, its claim amounting to some fifteen hundred dollars; and he was also supported by the recommendation of E. Story Brooks, the first husband of the intestate, who was the only heir at law of her sole heir at law.   Upon the trial of the case, the jury rendered a verdict in favor of Huss, under the instructions of the court; and thereupon Tanner excepted.

We think the statute (code, §2494) settles who was entitled to the administration.   It provides that in the granting of letters of administration, the following rules shall be observed: " 1. The husband or wife surviving, . . shall be first entitled.   2. The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled; but if the party died testate, the person most beneficially interested under the will shall have the preference.   Relations by consanguinity shall be preferred to those by affinity.   3. If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as dis-

tributees of the estate, and who are capable of expressing a choice, shall be appointed. 4. If no such preference is expressed, the ordinary may exercise his discretion in selecting the one best qualified for the office. 5. Where no application is made by the next of kin, a creditor may be appointed; and among creditors, as a general rule, the one having the greatest interest will be preferred. 6. The persons entitled to an estate may select a disinterested person as administrator, and if otherwise qualified, he shall be appointed. 8. No person shall be appointed administrator who is neither of kin to the intestate nor a creditor, nor otherwise interested in the grant of administration, except in the cases before provided."

In this case, none of the kin applied for letters of administration; the intestate had no next of kin at the time of the application, so far as appears from this record. The contest for administration was between Huss, a creditor, and Tanner, who was not a creditor. The court in effect ruled that, under such circumstances, Huss was entitled to the administration. We think he was. Under the code, there is no authority on the part of the creditors to nominate a person, unless they nominate a creditor. Where there are several creditors applying for administration, the ordinary may exercise his discretion in granting letters to one of the creditors; as a general rule, the creditor having the greatest interest, if he be otherwise qualified, shall be appointed. But here there was but one creditor applying for this administration; and we think he was entitled to it, over an applicant who was not a creditor, nor next of kin, nor in any way interested in this estate. His being supported in his application by certain creditors of the estate, he not being a creditor himself, would make no difference; they had no authority to nominate him. Nor does the fact that his application was supported by Brooks, the first husband of the intestate, make any difference. Brooks is not an heir at law of Mrs. Heath; for she had been divorced from him; the bonds of matrimony, accord-

ing to this record, had been legally severed. It is true that he was the heir at law of his son, who had been born to him by her, but he was no heir to this estate, and had no right to nominate any person to administer upon it. We think the court was clearly right in holding that Huss, the creditor, was entitled to this administration; and the judgment is therefore affirmed.