## MATTOX *v.* EMBRY.

1. Under the ruling in *Sims* v. *Walton*, 111 *Ga.* 866 (36 S. E. 966), in cases of appeal from the court of ordinary, the appeal bond to be given under the provisions of the Civil Code, §4466, should be made payable to the appellee, and not to the ordinary of the county.

2. Under the ruling in *Halliday* v. *DuBose*, 59 Ga. 268, paragraphs 3 and 6 of Civil Code, §3367, should be so construed as to authorize a majority of the next of kin-related equally near in degree to the deceased to select a stranger to administer upon the estate; it appearing that none of the next of kin, according to the law of relationship and distribution, applied for the administration, but that the contest was between one selected by the majority of such persons and another who claimed to be interested by virtue of conveyances from a minority of the heirs, and who was recommended by others in like situation and by children of a deceased child of the intestate. Under such facts, when such selection is expressed in writing in conformity with the statute, and the person selected is of good moral character and labors under no legal disability, the person so selected is entitled as a matter of law to appointment as administrator; and on the trial of an appeal case from the court of ordinary, over the right to administer, where the undisputed evidence shows that one of the contestants has been selected by a majority of the next of kin of deceased, in conformity with the statute, that he is of good moral character and is laboring under no legal disability, it is not erroneous for the judge to direct a verdict in favor of the contestant so selected.

(*a*) Where one of the next of kin is a minor, a legally qualified guardian of the minor has a right, in behalf of such minor, to express a choice in selecting a stranger to administer.

(*b*) Where one of the next of kin died without expressing a choice with regard to the selection of a stranger to administer, the children of

such deceased have no greater voice in the selection of a stranger to administer than the right to represent one share in the estate in voting.

Submitted January 13,—Decided August 15, 1908.

(Appeal. Before Judge Holden. Oglethorpe superior court. July 13, 1907.

W. F. Mattox died intestate, leaving an estate and ten children, but no widow. There was a contest for the right to administer upon the estate. One of the contestants was L. D. Mattox, who was a collateral kinsman of the deceased and the assignee of certain of the children to the extent of their respective interests in the land which constituted the property of the estate of the deceased, intended to be administered. The other contestant was J. W. Embry, who was the husband of one of the daughters of the deceased. The judgment in the ordinary's court was in favor of L. D. Mattox. Embry entered an appeal to the superior court from the judgment of the court of ordinary. The appeal bond recited payment of the costs which had accrued, and was conditioned to pay "L. D. Mattox, administrator, . . such further costs as may accrue in said case by reason of this appeal." The bond was approved and filed, and the record transmitted to the superior court. On the hearing in the superior court counsel for L. D. Mattox moved to dismiss the appeal, "upon the ground that the appeal bond was made payable to L. D. Mattox, administrator, instead of to the ordinary of Oglethorpe county." The court was about to sustain the motion, when, in order to prevent the dismissal of the appeal, the appellant, with leave of the court and with the consent of his surety, amended the appeal bond by making the same payable "to Joel Cloud, ordinary of said county, and his successors in office, instead of to J. D. Mattox, administrator." After amendment, the court overruled the motion to dismiss the appeal. Whereupon counsel for L. D. Mattox filed exceptions pendente lite, and afterwards assigned error upon the ruling of the court allowing the amendment, on the ground that "it was not permissible to amend the bond," and to the ruling of the court refusing to dismiss the appeal on the ground that the appeal was a nullity. On the trial before the jury there was no evidence to show that J. W. Embry was of unsound mind or otherwise laboring under disability. Some of the witnesses stated that in their opinion he was not a good business man, and therefore unsuitable to

administer; others stated that he was a man of honor and integrity and capable of managing the estate. It was shown that Myrt. Mattox, a girl of 20 years of age, and T. S. Cunningham, her guardian, together with five of the other children of deceased, who had attained their majority and labored under no legal disability, had in writing selected J. W. Embry to administer upon the estate and requested his appointment. Sol. J. Mattox, one of the children of deceased, who had requested the appointment of J. W. Embry, had conveyed his interest in the property to Cauthen Brothers as security for a debt which was unpaid, and the Cauthens requested in writing the appointment of L. D. Mattox. J. A. Cauthen was the assignee of a half interest in two tenths of the estate of W. F. Mattox, deceased, having acquired the same from John Henry Mattox and Nathan F. Mattox, sons of said deceased; and as representing such half interest he requested in writing the appointment of L. D. Mattox. G. A. Webb had married a daughter of the deceased, and after the marriage the daughter, M. M. Webb, had died, leaving surviving her the said G. A. Webb and seven minor children, the issue of the marriage; and G. A. Webb as natural guardian of the seven children claimed the interest of M. M. Webb in the estate of W. F. Mattox, deceased. There was no evidence that G. A. Webb had qualified as guardian by executing a bond under the provisions of the Civil Code, §2513. Claiming a right so to do by virtue of being the natural guardian of his children, G. A. Webb requested in writing the appointment of L. D. Mattox. None of the children who had selected J. W. Embry had assigned their interest in the estate, or otherwise encumbered the same, except Sol. J. Mattox, who had executed the security deed to Cauthen Brothers. After all the evidence was submitted, the judge directed a verdict in favor of J. W. Embry. Error was assigned on this ruling, and on the allowance of the amendment of the appeal bond, and on the refusal to dismiss the appeal.

E. P. Shull, Hamilton McWhorter Jr., and Samuel H. Sibley, for plaintiff in error. Paul Brown and Samuel L. Olive, contra.

ATKINSON, J. 1. The Civil Code, §4466, provides: "In all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs

as may accrue by reason of such appeal; this being done, the appeal shall be entered." This section was construed in *Sims* v. *Walton*, 111 *Ga.* 866 (36 S. E. 966), to mean that the bond shall not be made payable to the ordinary, but to the appellee. Under this ruling, the appeal bond given by the appellant was correct without amendment. It appears that the appellant amended the bond under pain of having the appeal dismissed, and the bond was thereby so changed as to make it payable to the wrong person. In its amended condition the bond did not comply with the law as ruled in *Sims* v. *Walton,* supra; but, inasmuch as the appeal bond was payable to the proper person in the first instance, direction will be given under the authority vested in this court by the Civil Code, §5586, that, upon the return of the case, the appellant shall be allowed further to amend by striking the amendment to the bond so as to allow the bond to stand as originally filed.

2. It was contended by counsel for J. W. Mattox that Embry was not shown by the record to have been selected by a majority of the next of kin to deceased, because Myrt. Mattox was a minor and neither she nor her guardian was authorized by law to express a choice in the selection; and S. J. Mattox had lost his right to the expression of a choice by conveying his interest in the property as security for a debt which was overdue and unpaid; and because the seven children of Mrs. Webb, a deceased daughter of the intestate, were each entitled to a voice, and they, as well as the holder of the security deed from S. J. Mattox, had in writing selected J. W. Mattox; and when these were considered J. W. Mattox was the choice of a majority. These contentions are untenable. It appeared that six of the children of the deceased, constituting a majority of ten, had in writing requested the appointment of J. W. Embry. One of the six children was a minor, but, inasmuch as the guardian of the minor joined her in making the written request, the fact of her minority did not affect the case. *Myers* v. *Cann,* 95 *Ga.* 383 (22 S. E. 611). Another of the six had also conveyed his interest in the land as security for a debt which was overdue and unpaid, but that did not amount to a surrender of his right to express a choice in selecting the administrator. He continued to be one of the class, "next of kin equally near in degree to deceased," and had an equitable interest in the property left, to wit, the right to redeem; and it was that relationship

which, under the Civil Code, §3367, par. 3, gave him a right to a voice in the selection of an administrator. Having been selected in writing by a majority of the next of kin, under the construction given to paragraphs 3 and 6 of Civil Code, §3367, in the case of *Holliday* v. *DuBose*, 59 *Ga.* 268, J. W. Embry was entitled as a matter of law to appointment. Neither of the contestants was one of the next of kin of the intestate. One of them was selected by a majority of the next of kin according to the statute of relationship and distribution; the other was recommended by certain persons claiming a minority interest in the estate, and he himself claimed a fractional interest by conveyance.

It appeared that the daughter of deceased, who married G. A. Webb, had died and left surviving her seven children. It was contended that each of them was entitled to a vote as next of kin in the selection of an administrator, and that, if they were to be contemplated, the six next of kin who had selected Embry did not amount to a majority of all of the next of kin. We do not think there is any merit in this contention. The Webb children, under the statute of distribution, were not in fact related to the deceased equally near in degree with the other persons who selected Embry. The interest in the estate which they acquired was by inheritance from their mother. She was entitled only to one vote, and at most the Webb children as a class could not have a greater voting power than their mother would have had if she had survived.

*Judgment affirmed. All the Justices concur, except Holden, J., disqualified.*