## MEGAHEE v. MEGAHEE.

1. On the trial of an application for letters of administration de bonis non cum testamento annexo upon the estate of a testator, with caveat filed thereto, the person who is selected by a majority of the next of kin who are interested as distributees of the estate, and who are capable of expressing a choice, is entitled to be appointed administrator; and it is error to charge the jury that the person selected by a majority of the persons who might enter the contest is entitled to such appointment.

2. A sheriff's deed is inadmissible to show transfer of title, when not accompanied by the execution or judgment upon which it is founded.

3. The right to nominate an administrator of a decedent's estate is confined to those who are interested as distributees and who are next of kin at the time of death, and does not extend to an heir of an heir of the deceased.

JULY 19, 1915.

Appeal. Before Judge Hammond. McDuffie superior court. May 19, 1914.

L. D. McGregor and J. G. Stovall, for plaintiff.

Ira E. Farmer and John T. West, for defendant.

HILL, J. W. T. Megahee filed his application to the ordinary of McDuffie county, for letters of administration de bonis non cum testamento annexo upon the estate of Samuel Megahee, deceased. To this application T. J. Megahee filed his caveat, asking that he be appointed as such administrator, alleging that he was also a son and next of kin of the testator, and that he had been selected in writing by a majority of those interested as distributees of the estate who were capable of expressing a choice. On the trial of the cause in the superior court there was a verdict and judgment in favor of the caveator. A motion for a new trial was overruled, and the applicant excepted.

1. This is a contest between two brothers, children of the testator, for administration on the estate of their deceased father. One ground of error alleged is that the court erred in charging the jury as follows: "I charge you as a proposition of law, that, in a contest of this character, the greater number expressing a preference for one or the other of the contestants, that contestant will prevail. It is not a question on the part of the successful contestant of securing a majority of the persons who might enter the contest if they chose to do so. The thing that will determine is the majority of the persons who take part in the contest." We think this charge was error. Section 3943, par. 2, of the Civil Code declares that "The next of kin, at the time of the death, according to the law

declaring relationship and distribution," shall be entitled to the administration. And paragraph 3 of that section provides: "If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." It will be observed that the language of the statute confers the selection of an administrator on "a majority of those interested as distributees," and not "a majority of those who might enter the contest." An illustration by counsel for the plaintiff in error serves to bring out the error in the charge. Suppose a father to die leaving twenty children surviving him, all of whom are capable of exercising a choice of an administrator. Suppose that only five of these children should see fit to express their choice, the other fifteen keeping silent; three of the five ask for one person to be appointed, and the other two of the five request the appointment of still another,—in that event, if the charge of the court is correct, the three would be entitled to control the appointment of the administrator, which would be a minority of the distributees interested as next of kin. We do not think the rule laid down by the trial judge is the law. The statute says it takes a majority of those interested as next of kin at the time of death, who are distributees, to control the appointment of an administrator; and we so hold.

2. It is insisted that the court erred in withholding from the jury a deed executed by the sheriff of McDuffie county, conveying the undivided interest of S. C. Megahee in the land of the estate of Samuel F. Megahee to one Arrington. The deed was objected to on the ground that it was unaccompanied by the fi. fa. under which the interest was sold; and also because it did not appear that it conveyed all of the interest of S. C. Megahee, one of the petitioners for the appointment of W. T. Megahee as administrator, in the estate; and further that the purchaser would have no right to vote even if he had purchased such interest. The court did not err in excluding the deed from the jury. No such case is made in the record as to make the deed admissible as color of title. It is well settled that a sheriff's deed is inadmissible in evidence, to show a transfer of title, without the execution or judgment upon which it is founded. *Watson* v. *Tindal, 24 Ga.* 494 (2), 503 (71 Am. D. 142) : *Anderson* v. *Robinson, 75 Ga.* 375.

3. Error is assigned on the ground that the court withheld from the jury, over the objection of the movant, the written selection of

B. F. Phillips requesting the appointment of the applicant W. T. Megahee as administrator. It was insisted that the evidence was admissible, because it showed that Phillips married Mary Ann Megahee, a daughter of the testator, that she died before her mother (who was the executrix of the testator), that Mary Ann Phillips (formerly Megahee) died leaving no children, that Phillips was her only heir at law, and that he had the right to join in the selection of an administrator of this estate under the facts shown. The court properly rejected this evidence. As held by this court, the right to nominate an administrator is given to one who is next of kin at the time of death and who is interested as a distributee, and does not extend to the heir of the heir of the deceased. *Tanner* v. *Huss,* 80 *Ga.* 614 (6 S. E. 18); Civil Code, § 3943. As the case goes back for another trial, we express no opinion on the evidence; but the rulings here made can be applied on another trial. The other assignment of error is without substantial merit.

*Judgment reversed. All the Justices concur.*