## 21545. SAMPSON v. SAMPSON.

BELL, J. 1. The allegations of the caveat that the applicant was not "mentally or temperamentally able to perform the duties of administratrix . . or to perform the same in fairness to the four heirs at law who are her stepchildren," were insufficient to show that the applicant was not of sound mind so as to be ineligible to appointment as administratrix. Penal Code (1910), § 33.

2. Upon the death of the husband intestate, his widow, if she is of sound mind and laboring under no disability, is entitled, to the exclusion of all others, to appointment as administratrix of his estate. Civil Code (1910), § 3943.

3. "While, as provided in the Civil Code (1910), § 3978, after the administrator has been appointed and has taken charge of the estate, upon proof that he 'wastes or in any manner mismanages the estate . . or . . for any reason he is unfit for the trust reposed in him,' the ordinary may in his discretion revoke the letters of administration, the widow who is legally entitled to the administration can not, when she is of sound mind, be denied the appointment upon the mere speculation that she will, on account of lack of business experience and want of capacity to manage the particular estate, mismanage it and prove unfit for the trust reposed." *Maddox* v. *Maddox*, 27 *Ga. App.* 369 (2) (108 S. E. 304).

(*a*) The rule might be otherwise where the facts are such that "the ordinary may exercise a discretion in appointing the one best qualified for the office." Civil Code (1910), § 3943 (4); *Glisson* v. *Carter*, 28 *Ga.* 516, 519; *Jackson* v. *Jackson*, 101 *Ga.* 132 (28 S. E. 608); *Davis* v. *Davis*, 33 *Ga. App.* 628 (127 S. E. 779).

(*b*) Moreover, the caveator in the present case did not attack the qualifications of the widow upon the ground of bad character, but the allegations as to her conduct were made only for the purpose of showing that "the said applicant has interests conflicting with those of the estate."

4. Whether or not a person may withdraw a renunciation or waiver of his or her right to the administration of an estate, and regardless of the conditions upon which such withdrawal may or may not be made, where a widow who is entitled to administer upon her husband's estate does not in terms waive or renounce such right, but in the exercise of it selects and nominates another person, who is appointed in her stead, but who later dies leaving the estate unadministered, the widow is entitled to appointment as administratrix de bonis non in the same manner and to the same extent as if no previous appointment had been made. The general rule is that persons are entitled to administration de bonis non in the same order as they would have been entitled to the original grant. *Headman* v. *Rose*, 63 *Ga.* 458 (6); 23 C. J. 1051, § 131-141; 24 C. J. 1146, § 2737; 11 R. C. L. 94, § 92.

5. Under the above rulings, the allegations of the caveat were insufficient to show that the applicant was not entitled to the administration, and the court properly sustained the general demurrer and dismissed the caveat. Whether it was then error to render a judgment without the verdict of a jury, as in causes pending on appeal (*Montgomery* v.

*Fouché*, 125 *Ga.* 43 (2), 53 S. E. 767; *Callaway* v. *Southern Railway Co.*, 126 *Ga.* 192 (2), 55 S. E. 22), is a question not raised for decision, since the judgment was not excepted to upon this ground. If exception is taken to a final judgment for alleged error within itself, as distinguished from error in some antecedent ruling, the assignment of error should specifically set forth the alleged error in the final judgment. *Lyndon* v. *Georgia Ry. &c. Co.*, 129 *Ga.* 353 (2) (58 S. E. 1047).

Judgment affirmed. *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1932.

*Hay & Gainey,* for plaintiff in error.    *Titus & Dekle,* contra.