22095. SULLENS et al. v. PIERCE.

BROYLES, C. J. Mrs. Jane Sullens died intestate on February 16, 1931, leaving eight living children and no husband. All the children were sui juris and capable of selecting an administrator. Five of them joined in a written selection of J. B. Pierce as the administrator of the estate. Three of them made a written selection of John Sullens, one of the living children, as the administrator. Pierce was appointed administrator by the ordinary, and the case was appealed to the superior court. Upon the hearing there the court directed a verdict in favor of Pierce, and subsequently overruled the caveators' motion for a new trial. *Held:* The evidence showing that a majority of the living children had selected in writing Pierce, a disinterested, competent, and qualified person, as the administrator, and there being no material issue of fact, the court properly directed a verdict in his favor. *Popwell* v. *Nail,* 27 *Ga. App.* 97 (107 S. E. 364).

(a) It is immaterial how the children of the two deceased children of the intestate "voted" in the matter, since the person selected in writing by a majority of the living children of the intestate (Mrs. Jane Sullens) was entitled to letters of administration. *Dawson* v. *Shave,* 162 *Ga.* 126 (132 S. E. 912).

(b) It is also immaterial that, shortly before the death of Mrs. Sullens, four of her children (being four of the five who subsequently designated in writing Pierce as the administrator) made a warranty deed in which they conveyed, or rather attempted to convey, their interests in the land owned by Mrs. Sullens at her death (this being all the property owned by her) to another child of Mrs. Sullens, since the deed was "an attempt to convey a mere naked possibility without any present interest, and was void." *Dailey* v. *Springfield,* 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943).

Judgment affirmed. Jenkins, P. J., and Luke, J., concur.

DECIDED APRIL 30, 1932.

*W. S. Gaillard, B. P. Gaillard Jr.,* for plaintiffs in error.
*J. F. Pruett, Joseph G. Collins,* contra.