RIVERS *et al.* v. ALSUP.

No. 12713. APRIL 18, 1939.

L. F. *Watson* and R. *Earl Camp,* for plaintiffs.
C. C. *Crockett,* for defendant.

JENKINS, Justice. This petition was by two daughters of an intestate, who with the widow, their stepmother, constituted the only heirs, against a person who claimed to have been a creditor of the estate and who had bought the real estate involved at an administrator's sale. The prayers were for cancellation of the administrator's deed as a cloud on the plaintiffs' title; for setting aside of the ordinary's order appointing the administrator, and of the order to sell the property; and for a judgment for the rents and profits of the land. The undisputed evidence showed that the selection of the administrator was made by the widow with the knowledge and approval of the ordinary, and with his knowledge of the existence of the plaintiffs as the other heirs of the decedent; and that the defendant did not participate in obtaining any of the orders under attack. There was no evidence as to any fraud on his part. There was no offer to restore to the defendant any of the purchase-money paid at the sale. In addition to the legal presumption as to the necessity of the sale, it was shown that the estate owed debts. The alleged illegally admitted evidence, referred to in paragraph 4 infra, consisted of testimony by the defendant as to his inability to collect rents from the property; as to his payment of an undertaker's bill and taking of an assignment thereof, because he had talked to the widow and she was worried because of its non-payment; and as to an alleged leading question to the defendant and his answer that at first he had not been interested in buying the property.

1. Under the Code, § 113-1202, subsections 1 and 2, on the death of the husband, his wife, if qualified, is first entitled to the grant of letters of administration, and after her "the next of kin, at the time of the death," and then as thereinafter provided. Under the ruling in *Headman* v. *Rose,* 63 *Ga.* 458 (2, 6), 465, "if the widow of an intestate is disqualified from taking letters of administration on his estate, she may nevertheless name some person who is qualified for that purpose," even as against contesting claimants, who after the widow were entitled to the administration or the selection of the administrator. By parity of reasoning, a wife who is not disqualified may, if she desires, name such a person in lieu of herself; and letters of administration so issued are not void. See also, inferentially to like effect, *Sampson* v. *Sampson,* 44 *Ga. App.* 803 (4) (163 S. E. 326) ; and *Dawson* v. *Shave,* 162 *Ga.* 126 (132

S. E. 912), as to the right of selection by a sister who as the next of kin was entitled to appointment in preference to the right of selection by nephews and nieces of the decedent, although the latter were entitled to a larger interest in the estate, and constituted a majority of those so entitled.

2. Although under the Code, §§ 37-219, 110-710, "the judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake," the fraud relied upon must have been perpetrated by the adverse party or his counsel or agents (*Lanier* v. *Nunnally,* 128 *Ga.* 358, 57 S. E. 689) ; and fraud in the procurement of such a judgment must have been actual and positive, done with knowledge, and not merely constructive fraud, committed in ignorance of the true facts. Accordingly, as to an alleged false jurisdictional statement in the appointment of an administrator, where, as here, no such fraud on the part of the adverse party appears, and where no imposition on the court is shown, but on the contrary it appears that the court was fully informed of the facts, there was no fraud perpetrated upon the court such as could authorize equitable interference. *Abercrombie* v. *Hair,* 185 *Ga.* 728, 732 (196 S. E. 447), and cit.; *Loyless* v. *Rhodes,* 9 *Ga.* 547 (3), 551.

3. An order by a court of ordinary, granting leave to sell land of an intestate, will be presumed to have been necessary and made for the benefit of heirs and creditors, even though the estate may not have actually owed any debts. *Thomas* v. *Couch,* 171 *Ga.* 602 (2, *f, h*), 609, 610 (156 S. E. 206). Especially would this be true, where, as here, in addition to such legal presumption, it was shown that the estate owed debts. Nor will a sale of property by order of the court of ordinary be deemed fraudulent merely because of disputed testimony going to show a disparity between the sale price and the actual value. *Black* v. *Elrod,* 146 *Ga.* 692 (92 S. E. 62) ; *Palmour* v. *Roper,* 119 *Ga.* 10 (5) (45 S. E. 790).

4. The evidence claimed to have been improperly admitted could not, under any view, be taken as altering the undisputed facts above indicated. Accordingly, under the proved facts and in accordance with the foregoing principles of law, irrespective of whether the suit for cancellation of an administrator's deed to the defendant as a cloud on title and for setting aside of the order appointing the administrator and the order of sale was maintainable against the

defendant purchaser in the names of two of the three heirs at law, without showing that all debts of the estate had been paid, and irrespective of whether it was maintainable without an offer to restore to the defendant the purchase-money paid at the administrator's sale or the plaintiffs' pro rata part thereof, the court did not err in directing the verdict for the defendant.

*Judgment affirmed. All the Justices concur.*