28994. MABRY *v.* MABRY *et al.*

DECIDED MAY 8, 1941. REHEARING DENIED JUNE 19, 1941.

*Homer A. Glore, Gordon B. Gann,* for plaintiff.
*James V. Carmichael,* for defendants.

FELTON, J. R. A. Mabry died intestate leaving surviving him his widow, two sons, and two daughters. One of the sons applied for permanent letters of administration on the estate. The widow and the two daughters filed objections to the appointment of the applicant, in which they selected, over their individual signatures, James V. Carmichael, to serve as administrator. The ordinary appointed Mr. Carmichael and the case was appealed to the superior court of Cobb County. The judge of the superior court directed a verdict in favor of the appointment of Mr. Carmichael. The exception is to the overruling of a motion for new trial, made by the son who applied for the letters.

Two contentions are made by the plaintiff in error. One is that a widow who is not disqualified to act as administratrix of her husband's estate may not appoint or select another qualified person to act in her stead. The second is that she was not such a person interested as a distributee as would entitle her to join with other distributees in making a selection. Whatever may be the law in other jurisdictions it has been held in this State that a widow who is not disqualified may select one who is qualified to act in her stead (*Rivers* v. *Alsup,* 188 *Ga.* 75, 2 S. E. 2d, 632), and that a sister of the deceased, who was the one nearest of kin, might select one qualified to act in her stead. *Dawson* v. *Shave,* 162 *Ga.* 126 (132 S. E. 912). If a sister, the nearest of kin, may select, it seems to follow indisputably that one having a higher order of preference than a sister may also select. Even if it can be said that the statement in the *Rivers* case is obiter, and we do not think it is, the ruling in the *Dawson* case demands, as a logical consequence, the conclusion herein stated. The ruling in the *Dawson* case can not be sustained, in our judgment, upon any hypothesis other than that the one first entitled to administer may make the selection. Since the widow is the first in order of preference, her selection of a qualified person precludes the right of any other person or persons in a lower order of preference to express any choice or to act as administrator. *Dawson* v. *Shave,* supra. Since the appointment of the administrator upon the selection of the widow was the only legal course, and there is no question of his qualification, it is unnecessary to rule on the other contention of the plaintiff in error. The action of the daughters was mere surplusage. The court did not err in overruling the motion for new trial.

134

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur specially.*

STEPHENS, P. J. I do not subscribe to the proposition that the widow of an intestate, where there are distributees of the estate besides her and where she does not accept the appointment as administratrix, is entitled as a matter of right to name some other person to act as administrator of the estate. The statute, Code, § 113-1202 (1), gives the widow the right, superior to that of any one else, to be administratrix of the estate: "In the granting of letters of administration of any kind, the following rules shall be observed, the applicant being required, in all cases, to be of sound mind, and to be laboring under no disability. 1. The husband or wife surviving, irrespective of age, shall be first entitled." Then follows subsection 2: "The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled; but if the party died testate, the person most beneficially interested under the will shall have the preference. Relations by consanguinity shall be preferred to those by affinity." Subsection 3 reads as follows: "If there shall be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." Then follows subsection 4: "If no such preference shall be expressed, the ordinary may exercise his discretion in selecting the one best qualified for the office." Later there appears subsection 6: "The persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he shall be appointed." The only right conferred upon the widow by this Code section is that, in the appointment of an administrator, she "shall be first entitled" to the administration. The power to appoint an administrator is one purely of statutory creation and regulation. While, under this Code section, the widow may be entitled to the administration of the estate in preference to any other person, and shall be appointed if of sound mind and laboring under no disability, there is no statutory provision giving her the right to name, in lieu of herself, some other person as administrator, where there are heirs and distributees of the estate who might be entitled to the administration or to the naming of an administrator as provided in subsections 2, 3, 4, and 6. In the absence of any statutory authority

giving a widow or any other heir or distributee of the estate the right to select an administrator the widow or such heir or distributee has no such right.

It was held in 1847, In Re Root, by one of the surrogate's courts of the State of New York, as reported in 1 Redfield's Reports, 257, that a right given to the widow for the administration upon the husband's estate does not carry with it the right in the widow to designate another person as administrator. The headnote in that case is as follows: "The order of right to administration in the City of New York is, first, the widow; second, the next of kin; third, the public administrator; fourth, creditors; fifth, any other person who will accept the same. . . One having priority of right to the administration, can only deprive those coming after him of their right by taking letters himself. He can not nominate a third party to the exclusion of the others." In McBeth *v.* Hunt, 2 Strob. (S. C.) 335, it was held in South Carolina that "The widow is first entitled to letters of administration on the estate of her deceased husband; but it does not follow from this that she may transfer her right to a stranger, and that the ordinary is bound to appoint her nominee." See 23 C. J. 1044, § 113 and cit. In Blackburn *v.* Blackburn, 48 Mont. 179, 188 (137 Pac. 381), in which it was held that the widow having the right to be appointed administratrix could renounce this right and designate another person, it appears that this right of substitution was expressly given under the statute of that State.

Under our Georgia statute the "next of kin" is, secondarily, after the husband or wife surviving, "next entitled" to the appointment as administrator, and, as provided in the Code, § 113-1202 (3), if there should be several of the next of kin, equally near in degree, the person selected by a majority of "those interested as distributees of the estate" shall be appointed. In subsections 3 and 6 therefore there is statutory authority for the selection, by certain distributees or persons entitled to the estate, of some person who would not be entitled to the administration under the rules of preference prescribed in the statute. There appears no authoritative utterance of any court in this State to the effect that the widow, who under the statute has the preferential right to administer on the estate, may renounce that right, and herself name the administrator at the expense of the right of other heirs or distributees

to the administration secondarily to her right of administration, as provided in subsections 2 and 3 of the Code section referred to.

*Dawson* v. *Shave,* 162 *Ga.* 126, supra, wherein it was held that where a man died intestate and left no widow, but left only a sister "as next of kin" within the meaning of next of kin in subsections 2 and 3 of the Code section referred to, and also left grandchildren of deceased sisters and brothers, the person selected as administrator by the sole next of kin, the sister, was entitled to the administration in preference to a person selected by the other distributees constituting the nieces and nephews who were not "next of kin" of the intestate, is not authority for the proposition that the widow of an intestate, who fails to qualify, may, where there are other distributees, select the administrator. The question presented for decision in *Dawson* v. *Shave,* was, as stated by the court, "which is entitled to the preference, . . the person selected by the next of kin or the person selected by a majority of the persons entitled to the estate?" That case is not sustainable on any direct adjudication by any court of this State. It is sustainable only on the theory that there is statutory authority, either expressly or by implication, authorizing the selection of an administrator by the sister of the testator, who is sole next of kin, where there are other distributees of the estate who are not next of kin. Such statutory authority, if there be any, must be found in the subsections of Code, § 113-1202, with reference to the appointment of administrators upon estates. In my opinion *Dawson* v. *Shave* is not authority for the proposition that the widow of an intestate, where there are other distributees of the estate, may renounce her right to the administration and select the administrator.

*Headman* v. *Rose,* 63 *Ga.* 458, 465, in which it is stated that the widow was entitled to letters of administration on the estate, and that "if she should be disqualified for any legal cause from taking the administration, then, as such widow, she would be entitled to select some proper qualified person to be appointed administrator on the estate of her deceased husband," is not authority for the proposition that the widow who refuses or fails to qualify as administrator for any reason, is entitled, at the expense of other heirs or legatees of the estate, to name the administrator. In that case the widow was the sole heir at law of the intestate. She was the sole heir at law and the sole distributee, and was entitled to name

the administrator under the authority of subsection 6 of the Code section referred to: "The persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he shall be appointed."

*Rivers* v. *Alsup,* 188 *Ga.* 75, supra, is not authority for the proposition that the widow, where there are other next of kin and distributees, is entitled to select the administrator. In that case two daughters of an intestate who, with the widow, their stepmother, constituted the only heirs, brought a suit against a creditor of the estate, who had bought real estate belonging to the estate at the administrator's sale, in which the plaintiffs asked for cancellation of the administrator's deed as a cloud on their title, and that the appointment of the administrator and order to sell the property be set aside. It appeared from the undisputed evidence that a selection of the administrator had been made by the widow, and, as stated in the opinion of the court, "with the knowledge and approval of the ordinary, and with his knowledge of the existence of the plaintiffs as the other heirs of the decedent." There appeared no evidence of any fraud on the part of the defendant. The Supreme Court held that the trial court did not err in directing a verdict for the defendant, and in so holding necessarily held that the administrator's sale was legal. In that case it did not appear that the daughters, who were next of kin after the widow, had applied for letters of administration, or had selected any one as administrator, as they may have had a right to do under subsection 3 of the Code section referred to. So far as it appears, they had stood by and allowed the ordinary to appoint an administrator. The power of appointment is in the ordinary, and when made the appointment is prima facie legal. His acts can not be attacked collaterally, as in a bill in equity to set aside a sale conducted by him, in the absence of any fraud, accident or mistake, or lack of jurisdiction to make the appointment. Both the appointment and the acts of the administrator thereunder are prima facie legal. The administrator so appointed is at least a de facto administrator, and his acts under the appointment are legal and can not be collaterally attacked, in the absence of fraud, accident or mistake, or lack of jurisdiction. The decision in that case is sustainable upon the ground that the appointment of the administrator was prima facie legal; he was at least a de facto administrator, and his acts

as administrator were legal. The fact that the ordinary appointed a person named and suggested by the widow is immaterial. He had the right under the law, in a proper case made, to appoint an administrator, and it does not follow that he appointed the particular person merely because the widow named and suggested that person. Any expression in the opinion in that case that the widow had the right to select the administrator notwithstanding there were other heirs and distributees was merely obiter, and such statement was not necessary for a decision of the case. Upon the grounds heretofore pointed out, this decision can not be sustained upon the authority of *Headman* v. *Rose,* supra.

Neither *Tanner* v. *Huss,* 80 *Ga.* 614 (6 S. E. 18), nor *Megahee* v. *Megahee,* 143 *Ga.* 738 (85 S. E. 877), seemingly relied upon by the court in *Dawson* v. *Shave,* supra, is authority for the proposition that the sole next of kin after the elimination of the widow or the surviving husband may select the administrator. In the *Megahee* case it was held that "the person who is selected by a majority of the next of kin who are interested as distributees of the estate, and who are capable of expressing a choice, is entitled to be appointed administrator." This is but a reiteration of the rule laid down in Code, § 113-1202 (3). The expression quoted from in the *Megahee* case, "As held by this court, the right to nominate an administrator is given to one who is next of kin at the time of death and who is interested as a distributee, and does not extend to the heir of the heir of the deceased," had reference to the decision in *Tanner* v. *Huss,* supra. That case was a contest for the administration between a creditor and a person who was not a creditor; neither was an heir at law or next of kin; the contestant who was not an heir, a next of kin, or a creditor, was supported in his application by the intestate's first husband, who was not an heir but was an heir of their son, who was an heir of the intestate and who had died after the latter's death. After the death of this son, and at the time of the application for administration, there were no heirs of the estate. In *Tanner* v. *Huss,* supra, the court did not hold, and under the facts could not hold, that the sole next of kin could select the administrator, for there were no next of kin. In the *Megahee* case, the court, when referring to the *Tanner* case as holding that "the right to nominate an administrator is given to one who is next of kin at the time of death and who is interested

as a distributee, and does not extend to the heir of the heir of the deceased," was construing that case as holding that only a person who is next of kin has any right in selecting an administrator, and that the ex-husband of the intestate, who was only an heir of her heir, was not an heir at law of hers and therefore had no right in the selection of the administrator.

While personally I do not subscribe to the conclusion reached in the *Dawson* case, I concede that this court is bound by it as an authoritative utterance of the Supreme Court and controlling upon this court. While it does not expressly hold that the widow of an intestate may select another as administrator, yet if it holds in principle or by analogy that the widow can so select, the selection by the widow here of Mr. Carmichael, a disinterested person, was legal, and the verdict directed to sustain that selection was demanded as a matter of law. Assuming, however, that *Dawson* v. *Shave* is not authority for the proposition that the widow, as in this case, could select the administrator, her selection, which is joined in by two of the next of kin and the widow, constituting a majority of the persons entitled to the estate, is sustainable under the Code, § 113-1202 (6). *Halliday* v. *DuBose*, 59 *Ga.* 268. Assuming that, upon the relinquishment by the widow of her right to the administration, if she did so by selecting another person as administrator, the next of kin equally near in degree, as the four children of the intestate, who in this case besides the widow constituted all the heirs at law or distributees of the estate, could by a majority select in writing a person as administrator, it does not appear that such next of kin, namely, the children of the intestate, had, by a majority of themselves entitled to select the administrator, selected another person as administrator. Therefore the appointment of Carmichael by the ordinary, or by the jury as in this case on appeal, could be regarded as a selection made under the authority of Code, § 113-1202 (4), which provides that if no preference is expressed where there are several next of kin equally near in degree who can select an administrator "the ordinary may exercise his discretion in selecting the one best qualified for the office," provided the ordinary may under the law select a person who is not next of kin and who is not interested in the estate. If, however, under a construction of Code, § 113-1202 (4), the ordinary, upon failure of the next of kin to agree in selecting an administrator, can not select a person not

interested in the estate, but must select one of the next of kin, there is no insistence in this case that one of the next of kin should have been selected, and there is no objection to the application for the appointment of Carmichael, a person not next of kin to the intestate and not interested in the estate, on the ground that he is not next of kin or that one of the next of kin should be designated either by the ordinary or the jury as in this case.

If the widow is entitled to select the administrator and *Dawson v. Shave* and *Rivers v. Alsup,* supra, authorize such selection, the verdict was properly directed. If the selection by the widow was not authorized, the verdict as directed is still sustainable under Code, § 113-1202 (6): "The persons entitled to an estate may select a disinterested person as administrator." This meaning a majority of them. See *Halliday* v. *DuBose,* supra.

The appointment of the administrator in this case, which was upon the selection of two of the four children of the intestate and the widow, who constituted a majority of the heirs and the distributees of the estate, there being five, was, if the widow was not entitled to make the selection, I contend, lawfully made under subsection 6 of the Code section referred to, to the effect that the persons entitled to an estate may select a disinterested person as administrator. See 1 Woerner on Law of Administration (2 ed.), 547 et seq., 561 et seq. The court did not err in directing the verdict.

SUTTON, J. I think the judgment of the trial court should be affirmed, for two reasons: (1) The widow, being first entitled to be appointed administratrix (Code, § 113-1202(1), had the right to select some qualified person to be appointed by the ordinary. *Rivers* v. *Alsup,* 188 *Ga.* 75, supra. This same principle of law was also ruled in *Dawson* v. *Shave,* 162 *Ga.* 126, supra. (2) But granting, though not conceding, that the widow was not entitled to select some qualified person to be appointed by the ordinary, then she, together with the two daughters of the deceased, constituting a majority of those interested as distributees of the estate, and who were capable of expressing a choice, had the right to select in writing a person to be appointed administrator by the ordinary. Code, § 113-1202 (3). The ordinary appointed the person so selected by the widow and the two daughters, and I think the trial court was entirely correct in directing a verdict in favor of the ad-

ministrator appointed by the ordinary. I concur specially in the decision written by Judge Felton.