## 34895. LANGFORD *v.* SPAIN *et al.*

CARLISLE, J. 1. Where a man dies intestate leaving no wife and no relatives except one daughter and the seven children of two deceased sons, if all the said surviving relatives are sui juris· and qualified to administer on the estate of the intestate, the person selected in writing by the daughter of the intestate is entitled to letters of administration in preference to the person selected in writing by the grandchildren of the intestate, although the grandchildren constitute a majority of the heirs of the estate both numerically and in point of interest. *Dawson* v. *Shave,* 162 *Ga.* 126 (132 S. E. 912); s. c., 35 *Ga. App.* 343 (133 S. E. 313); *Sullens* v. *Pierce,* 45 *Ga. App.* 207 (164 S. E. 93).

2. And this has been held to be true whether she is herself qualified or disqualified. *Mabry* v. *Mabry,* 65 *Ga. App.* 132 (15 S. E. 2d 447); *Rivers* v. *Alsup,* 188 *Ga.* 75 (2 S. E. 2d 632); *Headman* v. *Rose,* 63 *Ga.* 458, 465; *Sampson* v. *Sampson,* 44 *Ga. App.* 803 (163 S. E. 326).

3. Under an application of the foregoing rules of law to the facts of this case, the jury, on appeal from the ordinary, had no discretion but to name the person selected by Mrs. Langford, as he is of sound mind and laboring under no disability and she was the sole next of kin. See, in this connection, *Sampson* v. *Sampson,* supra, and citations.

4. In view of the foregoing ruling, it is unnecessary to pass upon the other errors assigned in the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 24, 1953—REHEARING DENIED DECEMBER 17, 1953.

*Wheeler, Robinson & Thurmond,* for plaintiff in error.
*Stow & Andrews, Kenyon, Kenyon & Gunter,* contra.

## ON REHEARING.

It is contended on motion for rehearing that this court has

overlooked material portions of the record in this case to the effect that (a) the defendants in error, who are children of deceased children, stand in the place of their parents and therefore represent, in voting power, a majority of the heirs; and (b) that the jury verdict in favor of these defendants in error, the caveators, was in effect a finding that both Mrs. Pearl Spain Langford, the only living child of the intestate, and her son, whom she desired to be appointed administrator, "if for any reason she is not appointed administratrix," were both disqualified to fill this position.

As to the first contention, it is true that Code § 113-903 (4) relating to the laws of descent provides that "lineal descendants of children shall stand in the place of their deceased parents"; and in Code § 113-903 (5) it is also provided, as to brothers and sisters who stand in the second degree to the intestate, that "the children or grandchildren of brothers and sisters deceased shall represent and stand in the place of their deceased parents." These provisions relate to distribution, but they do not mean that the children of a deceased parent have the same voting power as their deceased parent would have had in the choice of an administrator, as against a living child of the intestate. *Dawson v. Shave,* 162 *Ga.* 126, held that, under Code § 113-903 (5) a living sister of an intestate was entitled to letters of administration over children of deceased sisters although the latter constituted a majority both numerically and in point of interest. *Sullens v. Pierce,* 45 *Ga. App.* 207, held that, under Code § 113-903 (4), it was immaterial how the children of deceased children of an intestate voted in the selection of an administrator, and considered only the votes of the living children of the intestate. Accordingly, the plaintiff in error here, if otherwise qualified, is entitled to letters of administration although a majority of the other heirs (both numerically and in point of interest) select another person.

As to the second contention, it was held in *Headman v. Rose,* 63 *Ga.* 458 (6), that, if the person otherwise entitled to letters of administration for any legal cause should be disqualified, she would nevertheless be entitled to select some proper qualified person to be appointed in her stead. The allegations of the caveat here attack the fitness of the plaintiff in error to be ad-

ministratrix, on the ground of certain acts which might have been held by the jury to constitute moral fraud; and it is further alleged that the person selected by her to act in her stead in the event she should be disqualified was also unfit, in that he knew of and participated in the scheme to defraud the estate which is alleged against her. Without passing on the sufficiency of the evidence to sustain such findings as against the plaintiff in error herself, she might still, even though disqualified, name a qualified person to act in her stead, and there is in the brief of evidence not one word of testimony from which a finding would be authorized that the person so named by her was in any way unfit, disqualified, or a participant in any scheme to defraud the estate.

Accordingly, the verdict of the jury, finding against both the plaintiff in error (only living child of the intestate) and the person named by her to serve in her stead if she were disqualified, was without evidence to support it.