39234. CROW v. WHITFIEID.
39235. CROW v. WHITFIELD *et al.*

DECIDED MARCH 2, 1962.

*Stow & Andrews, Robert E. Andrews,* for plaintiff in error.
*Everett C. Brannon, Sr.,* contra.

NICHOLS, Presiding Judge. ■ The cases were heard by the judge of the superior court without the intervention of a jury on stipulations that the pleadings were to be considered as evidence. In case number 39235, wherein the application to sell real estate for the purpose of distributing the estate was being resisted, Mercer Crow filed a plea of res judicata and attached as an exhibit the petitions and answers in two former cases as

well as a judgment of nonsuit rendered against the mother of the objectors in one of such actions. In the brief of the plaintiff in error it is stated: "There is only one issue to be determined in this cause: Did the trial and judgment in the former cause in Forsyth Superior Court, amount to res judicata of the issues raised by the objections filed by defendants in error to the application for leave to sell lands."

The only judgment rendered in the prior litigation was one of nonsuit against the plaintiff therein, the mother of the objectors in the present case. *Code* § 110-310 provides: "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted. A judgment of nonsuit shall not bar a subsequent action for the same cause brought in due time." And *Code* § 3-808 provides in part: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." With reference to such latter provision it has been held: "This provision has application only where the bar of the statute of limitation would otherwise apply, and does not attempt to limit the time in which a plaintiff may rebring his case if the statute of limitation on the action has not run. *Lewis v. Lewis*, 132 Ga. 348 (3) (63 SE 1114)." *Alewine v. State*, 103 Ga. App. 120, 121 (118 SE2d 499). The action in which the nonsuit was granted was an equity case in which the plaintiff sought to have a prescriptive title to real estate established, and while equity follows the law as to limitations of actions (*Code* §§ 3-712, 37-103), yet, "Neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights." *Sutton v. McMillan*, 213 Ga. 90, 96 (7) (97 SE2d 139). A finding for the plea of res judicata was not demanded and the trial court did not err, under the pleadings used as evidence, in finding for the objectors and thereafter in overruling the motion for new trial in case number 39235.

In case number 39234, wherein Maxine (Crow) Whitfield sought to be appointed administratrix with the will annexed of the estate of Nancy M. Crow, the judge of the Superior Court of Forsyth County heard the case without the intervention of a jury with the pleadings being considered evidence by agreement of the parties.

In support of the caveator's motion for new trial, based on the usual general grounds only, it is insisted that under *Code* § 113-1202, and *Dawson v. Shave*, 162 Ga. 126 (132 SE 912); and *Langford v. Spain*, 89 Ga. App. 416 (79 SE2d 582), and similar cases the trial court erred in reversing the judgment of the court of ordinary for it was undisputed that Mrs. Kate McKinley was the sole surviving next of kin and she selected the caveator as her choice as the administrator of the estate.

The caveat to the application for letters of administration was not filed by Mrs. Kate McKinley but by Mercer Crow who, according to the record, was the administrator of the estate of Nancy M. Crow. There is no suggestion that Mercer Crow held an appointment as administrator with the will annexed, nor does the record disclose that such appointment was made after the probate of the will of Nancy M. Crow.

In *Martin v. Dix*, 134 Ga. 481 (1) (68 SE 80), an ejectment case brought by the legatees under a will to recover properties sold by an administrator of the estate before the will was probated, it was held that such sale was not ipso facto void.

In *Walden v. Mahnks*, 178 Ga. 825 (1) (174 SE 538, 95 ALR 1101), it was said: "Although letters of administration have been granted upon a supposed intestacy and the administrator has obtained a final discharge, a will thereafter presented to the court of ordinary may nevertheless be admitted to probate, and this without previous annulment of the former judgments. The statute of limitations does not apply in favor of such judgments as against a subsequent application to probate a will." In this same opinion the following language was quoted from the case of *Thomas v. Morrisett*, 76 Ga. 384: "No general administration upon an estate should have been granted in this State, where there was a will in existence which was afterwards proved and admitted to record, and if such administration has

been granted in this State, and afterwards a will has been established, this would work a revocation, except as to such portions of the estate as had been fully administered prior to the production and probate of the will."

Once the will of Nancy M. Crow was probated any letters of administration previously issued on the assumption that the deceased died without a will were revoked except as to such part of the estate as had been fully administered prior to the production and probate of the will.

While the caveator alleged that he was the administrator of the estate, the allegations of the application for letters of administration of the estate with the will annexed, that there was no executor or administrator with the will annexed, was not in conflict with such allegations, for the caveator could have been the administrator of the estate prior to the probate of the will but not afterwards.

"An applicant for letters of administration must show that he has an interest in the estate, and likewise before one can object to the appointment of any applicant for letters of administration, it must be made to appear that the caveator has an interest in the subject matter which is to be administered. Generally, either an applicant or an objector must show that he is either an heir or creditor of the decedent; but this rule is not without exception. [*Bearden v. Baldwin*, 174 Ga. 191, 198, 162 SE 802]." *Sybilla v. Connally*, 66 Ga. App. 678, 682 (18 SE2d 783).

The caveat showed that the caveator had been administrator of the estate but the probate of the will worked as a revocation of such letters and he was not, at the time the caveat was filed, the holder of such position, and the caveat nowhere else alleges that the caveator was a person otherwise interested in the administration of the estate. While Mrs. Kate McKinley may have been the person, under *Code* § 113-1202, to select the administrator the mere attaching such written selection as an exhibit to the caveat not properly in court did not demand a finding that such person be selected to the exclusion of the applicant for such letters whose petition showed her to be a grandchild of the deceased.

Judgment of the superior court sustaining the appeal by the applicant was authorized by the evidence and the judgment overruling the motion for new trial of the caveator was not error.

*Judgments affirmed.   Frankum and Jordan, JJ., concur.*