## 77308. BRANNEN v. BOYCE.
(378 SE2d 743)

SOGNIER, Judge.

Larry Brannen appeals from the order of the Superior Court of Pierce County appointing Dorothy Boyce as the Administratrix de bonis non of the Estate of Clara Murray.

This case involves the application of OCGA § 53-6-24, which provides, in pertinent part: "In the granting of letters of administration of any kind, the following rules shall be observed, the applicant being required in all cases to be of sound mind and to be laboring under no disability: . . . (2) The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled; . . . (3) If there are several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, who are capable of expressing a choice, shall be appointed; (4) If no such preference is expressed, the judge of the probate court may exercise his discretion in selecting the one best qualified for the office."

The facts, as stipulated by the parties, show that when Clara Murray died intestate in 1986, she was survived by four children: appellee, Alcene Reeves, Claudine Brewster, and Jerry Murray. Reeves was appointed administratrix of Murray's estate but subsequently died, survived by two children, appellant and his brother, Charles Brannen. Appellee petitioned the probate court to be appointed as the substitute administratrix. Pursuant to OCGA § 53-6-24 (3), appellee submitted with her petition a document reflecting that the selection of herself as substitute administratrix was requested by a majority of the three surviving children of Clara Murray, namely, appellee and her sister, Brewster. Appellant filed a caveat to appellee's petition, requesting that he be appointed substitute administrator based on his selection by a majority of those interested as distributees of the

estate, namely, appellant, appellant's brother (as the surviving children of the intestate's daughter, Reeves), and Jerry Murray, the third surviving child of the intestate. The probate court, holding that the "next of kin" under OCGA § 53-6-24 (2) were equally divided in the selection of an administrator of the estate, determined it was necessary under OCGA § 53-6-24 (4) to exercise its discretion to appoint the administrator and appointed appellant. The decision was appealed to the superior court which, upon cross motions for summary judgment, reversed the probate court and appointed appellee as the substitute administratrix.

Appellant contends the trial court erred by granting appellee's motion for summary judgment and denying his own motion. Appellant argues that the probate court properly determined that there was an even division among the "majority of those interested as distributees of the estate," OCGA § 53-6-24 (3), in that appellant and his brother, although not next of kin, were entitled to cast the one vote their mother, a next of kin, would have had, had she been alive. Appellant thus argues that the per stirpes vote cast by his brother and him, when added to Jerry Murray's vote, equalled the votes cast by appellee and Brewster. Appellant asserts an "equal preference" among the next of kin for the selection of the administrator is the same as "no preference" and thus, under OCGA § 53-6-24 (4), the probate court was authorized to exercise its discretion, which it did by selecting appellant.

In *Murdock v. Hunt*, 68 Ga. 164 (1881), in a contest for letters of administration where the intestate was survived by one daughter, the Supreme Court rejected the claim made by the daughter's son (the caveator) and the grandson of a deceased son (the applicant) on the basis that the Code, the language of which is virtually identical to OCGA § 53-6-24, "contemplates not only relatives, but relatives entitled to distribution . . . . The [caveator] is a distributee of no estate, for his mother is living, and *nemo est haeres viventis*; the [applicant] is not a distributee of this estate, but of that of his ancestor upon whom the inheritance fell at the death of the intestate." *Murdock*, supra at 165. The Supreme Court determined that only the intestate's daughter was entitled to select the administrator and upheld her choice, that of her son the caveator. In *Sullens v. Pierce*, 45 Ga. App. 207 (a) (164 SE 93) (1932), the contest was between a stranger selected by five of the eight surviving children and the three remaining children's selection of one of themselves. This court held that "[i]t is immaterial how the children of the two deceased children of the intestate 'voted' in the matter, since the person selected in writing by a majority of the living children of the intestate . . . was entitled to letters of administration," citing *Dawson v. Shave*, 162 Ga. 126 (132 SE 912) (1926). *Langford v. Spain*, 89 Ga. App. 416 (79 SE2d 582)

(1953), the most recent decision of this court in this particular area, follows this language in *Sullens*.

Both *Langford* and *Dawson*, the Supreme Court opinion cited in *Sullens*, involve situations in which the intestate left only one surviving next of kin and upheld that one survivor's right to select the administrator over the interests of the children of deceased next of kin, under the predecessor to OCGA § 53-6-24 (2). *Dawson* cites *Murdock* and discusses both *Megahee v. Megahee*, 143 Ga. 738 (85 SE 877) (1915), which it stressed was a full bench judgment, and *Mattox v. Embry*, 131 Ga. 283 (62 SE 202) (1908). *Dawson* construed *Megahee*, which denied the right to nominate an administrator to "the heir of the heir of the deceased," id. at 740, as "giving to the next of kin . . . a right of administration regardless of the wishes of distributees not so nearly related." *Dawson*, supra at 128. The Supreme Court then quoted at length from *Mattox*, a case in which the majority of the next of kin (the children of the intestate) had selected Embry, an in-law, but the opposing side argued that because one deceased child, Mrs. Webb, had left seven children, each of the seven was entitled to a vote. In *Mattox*, the Supreme Court stated in dicta that "[t]he Webb children, under the statute of distribution, were not in fact related to the deceased equally near in degree with the other persons who selected Embry. The interest in the estate which they acquired was by inheritance from their mother. She was entitled only to one vote, and at most the Webb children as a class could not have a greater voting power then their mother would have had if she had survived." Id. at 287. Although as authority the Supreme Court cited *Halliday v. DuBose*, 59 Ga. 269 (1877) (misspelled "Holliday" in *Mattox* at 287), in that case the two surviving sisters were not disputing each other's *right* to select. Rather, *Halliday* involved one sister, who neither tendered herself as an applicant nor suggested another applicant, challenging the person selected by the other sister (DuBose) on the ground that DuBose was not next of kin nor a creditor of the decedent's estate. The fact that the children of a deceased brother also requested DuBose be appointed was not crucial in a case decided on the ground that a next of kin need not appoint another next of kin or a creditor of the estate if the applicant is otherwise qualified, see OCGA § 53-6-24 (6), and that the one sister could not defeat the appointment of DuBose by interposing her veto "without more." *Halliday*, supra at 270.

Appellee cites this court to *Rowe v. Walker*, 40 Ga. App. 1 (148 SE 762) (1929), where, in a contest between the two surviving siblings, Walker and Farrow, this court reversed the superior court's appointment of Walker, who had selected herself, and found in favor of the third party selected by Farrow (the husband of a niece), because Farrow's selection had been seconded by the votes cast by offspring of

two deceased siblings. This court held that "[i]n such a case distributees other than the next of kin are entitled to a voice in the matter . . . ." Id. at 2 (6). Although the opinion contains a long list of citations, including that of *Murdock*, primary emphasis seems to have been placed on *Mattox*. The dicta in *Mattox* was likewise cited as authority in *Pierce v. Smith*, 25 Ga. App. 101 (102 SE 648) (1920), factually the most similar case to the case at bar. In *Pierce*, the intestate left three surviving siblings, two of whom selected Pierce, a stranger, while the remaining sister, Smith, voted for herself, a selection supported by the children of two predeceased brothers of the intestate. This court affirmed the appointment of Smith, noting that "the children of a deceased brother would together have one vote in the selection of the administrator." Id.

Regardless of whether the case at bar is analyzed under that line of cases stemming from *Murdock* or the cases referencing *Mattox*, we find the appointment of appellee to be correct and affirm the superior court. Under *Murdock*, this case was decided correctly in that two of the three next of kin who are distributees of the intestate's estate and who are most nearly related to the intestate selected appellee to act as the administratrix of Clara Murray's estate, and the vote by appellant and his brother in the place of their mother was immaterial. See also *Sullens* and *Langford,* supra. We read *Mattox* in light of its interpretation in *Dawson*, the most recent Supreme Court opinion on the subject. After discussing *Megahee* and *Mattox*, the Supreme Court concluded that "the trend of these previous decisions with relation to inheritance compels the conclusion that in the award of letters of administration the preference should generally be given to the heir or heirs most nearly related to the intestate, if the applicant or the person selected to act by her is qualified to discharge the trust." *Dawson*, supra at 130. See also *Jackson v. Jackson*, 101 Ga. 132 (1) (28 SE 608) (1897) (the two contestants being each next of kin to the intestate, "neither had any advantage of the other by reason of the nearness of his relationship by blood to the decedent.") *Dawson* recognized that when the letters of administration are *awarded*, a common thread running throughout the seemingly conflicting opinions is the preference for the person "mostly nearly related" to the intestate. Id. at 130. Thus, as in *Pierce*, supra, the selection of appellee, the intestate's daughter, was proper because she was nearer to the intestate by blood than the intestate's grandson, appellant. Although this preference was not followed in *Rowe*, supra, cited by appellant, since that case involved an even conflict (a "tie") between the next of kin, we find it inapposite to the case sub judice.

Therefore, we hold that appellee was properly appointed administratrix of the decedent's estate and affirm the superior court's judgment.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 21, 1989.

*John R. Thigpen, Sr.,* for appellant.
*W. Vincent Settle III,* for appellee.