### 12021.   MADDOX *v.* MADDOX.

STEPHENS, J.  1.  Upon the death of the husband intestate the widow shall, provided she be of sound mind and " laboring under no disability," be entitled, to the exclusion of all others, to appointment as administratrix of the estate.  Civil Code (1910), § 3943.

2. While, as provided in the Civil Code (1910), § 3978, after the administrator has been appointed and has taken charge of the estate, upon proof that he " wastes or in any manner mismanages the estate . . or . . for any reason he is unfit for the trust reposed in him," the ordinary may in his discretion revoke the letters of administration, the widow who is legally entitled to the administration cannot, when she is of sound mind, be denied the appointment upon the mere speculation that she will, on account of lack of business experience and want of

24

capacity to manage the particular estate, mismanage it and prove unfit for the trust reposed. *Causey* v. *Causey*, 22 *Ga. App.* 679 (97 S. E. 98).

3. Upon the trial of an issue formed in the superior court on a caveat filed by the widow to the application of one of the children of the intestate who was selected by a majority of the heirs, to be appointed administrator, where the widow appeared to be of sound mind and laboring under no disability that would disqualify her from receiving the appointment as administratrix, the court properly directed a verdict finding in favor of the caveat and awarding the administration of the estate to the widow. *Causey* v. *Causey*, supra.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
DECIDED AUGUST 31, 1921.

Appeal; from Fulton superior court — Judge Pendleton. September 15, 1920.

*Chambers, Richards & Dickey, Mitchell & Mitchell,* for plaintiff in error.

*Neufville & Neufville,* contra.