## 28905. MONTGOMERY *v.* PARADISE.

DECIDED MAY 22, 1941. REHEARING DENIED JULY 23, 1941.

*Randall Evans Jr., Jack D. Evans, James R. Evans,* for plaintiff.

*W. Wright Abbot Jr., J. G. Stovall, T. Reuben Burnside,* for defendant.

BROYLES, C. J. Mrs. Ruth Montgomery was appointed administratrix of the estate of her deceased father, W. A. Paradise, who died intestate. Prior to the appointment, Mrs. W. A. Paradise, the widow of the deceased, filed a caveat in which she objected to said appointment on the ground that she and not Mrs. Montgomery, was entitled by law to be appointed as the administratrix of

said estate. The ordinary overruled the caveat and appointed Mrs. Montgomery as such administratrix, and Mrs. Paradise filed an appeal to the superior court. In that court the jury returned a verdict appointing Mrs. Paradise administratrix of the estate. Mrs. Montgomery's motion for new trial was overruled and she excepted to that judgment.

It is well-settled law that, "Upon the death of the husband intestate, his widow, if she is of sound mind and laboring under no disability, is entitled, to the exclusion of all others, to appointment as administratrix of his estate. Civil Code (1910), § 3943 [Code 1933, § 113-1202]." *Sampson* v. *Sampson*, 44 *Ga. App.* 803 (2) (163 S. E. 326); *Maddox* v. *Maddox*, 27 *Ga. App.* 369 (108 S. E. 304). Furthermore, "The widow who is legally entitled to the administration can not, when she is of sound mind, be denied the appointment upon the mere speculation that she will, on account of lack of business experience and want of capacity to manage the particular estate, mismanage it and prove unfit for the trust reposed. *Causey* v. *Causey*, 22 *Ga. App.* 679 (97 S. E 98). Upon the trial of an issue formed in the superior court on a caveat filed by the widow to the application of one of the children of the intestate who was selected by a majority of the heirs to be appointed administrator, where the widow appeared to be of sound mind and laboring under no disability that would disqualify her from receiving the appointment as administratrix, the court properly directed a verdict finding in favor of the caveat and awarding the administration of the estate to the widow. *Causey* v. *Causey*, supra." *Maddox* v. *Maddox*, supra, headnotes 2 and 3. In the instant case the only issue of fact raised by the evidence before the court and jury was whether the widow was of sound mind, and the evidence amply authorized a finding in the affirmative. And there was no evidence authorizing a finding that she was laboring under any other disability. The verdict was amply authorized by the evidence. The special assignments of error are all based on alleged errors of commission and omission in the charge of the court. When those assignments are considered in the light of the facts of the case and the charge of the court, none of them shows cause for a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*