28878.  THOMASSON *et al. v.* BARBER.

DECIDED JUNE 26, 1941.

*Boykin & Boykin, J. T. Thomasson,* for plaintiffs in error.
*Samuel J. Boykin, J. L. Smith,* contra.

STEPHENS, P. J.   Mrs. Safronia Trawick Thomasson died October 12, 1935, leaving her husband, J. J. Thomasson as sole heir at law.   J. T. Thomasson shortly thereafter applied for letters of administration on her estate.   To this application W. E. Hudmon filed a caveat and alleged that the deceased left a will in which J. T. Thomasson, W. E. Thomasson, and J. J. Thomasson were named as executors.   On December 2, 1935, Hudmon filed in the court of ordinary a rule against J. T. Thomasson and J. J. Thomasson to produce the will.   In answer thereto the respondents produced in court a paper which purported to be the will of Mrs. Thomasson.   On May 4, 1936, Hudmon filed a petition to probate in solemn form the last will of Mrs. Safronia Trawick Thomasson, and filed therewith what he claimed to be a copy of such will, it being alleged in the petition that the original will had been destroyed without the knowledge and consent of the testator.   Thereafter the ordinary overruled the caveat to the appointment of an administrator and appointed J. T. Thomasson as administrator. No appeal was taken from this judgment.

On July 29, 1936, a hearing on the petition for probate was had,

and the court entered judgment against the probate of the will. Hudmon filed an appeal to the superior court. The jury returned a verdict in favor of the will. The motion for new trial filed by the caveators to the probate of the will was overruled, and they excepted. The Supreme Court affirmed that judgment. *Thomasson* v. *Hudmon*, 185 *Ga.* 753 (196 S. E. 462). Thereafter J. T. Thomasson, W. E. Thomasson and J. J. Thomasson, as executors under the will of Mrs. Thomasson, applied to the court of ordinary to qualify as such executors. Mrs. Nancy Barber, a legatee under the will who was interested in the estate, filed objections to the appointment and qualification of the executors. The objections were overruled and the case was appealed to the superior court. The executors demurred generally and specially to the objections filed by Mrs. Barber. The objections were amended to meet the grounds of special demurrer, and the general demurrer was overruled. The executors excepted by writ of error to this court, where the judgment was affirmed. *Thomasson* v. *Barber*, 60 *Ga. App.* 327 (3 S. E. 2d, 858). The ruling of the trial court overruling the general demurrer to the objections to the appointment of the executors, which ruling was affirmed by this court, became the law of the case, and adjudicated that such objections and each of them were good, and set forth meritorious reasons why the executors should not be appointed and qualified as such.

The case proceeded to trial on the objections interposed by Mrs. Nancy Barber. For a detailed statement of these objections reference is made to the report of this case formerly in this court upon exceptions to the overruling of the general demurrer to such objections. *Thomasson* v. *Barber*, supra. Upon the trial there was evidence tending to establish the allegations of the objections. There was evidence from which the jury might find that the interests of J. T. Thomasson, W. E. Thomasson, and J. J. Thomasson were antagonistic to the interests and rights of the legatees. It appeared that J. J. Thomasson would have been the sole heir at law of the deceased, and that he and W. E. Thomasson signed the bond of J. T. Thomasson as administrator of the deceased. It also appeared that J. T. Thomasson, acting as such administrator, had collected and paid out money of the estate. It also appeared that the executors had had possession of the purported will, the probate of which was allowed by the superior court, which judg-

ment was approved by the Supreme Court in *Thomasson* v. *Hudmon*, 185 *Ga.* 753, supra, and that these executors had opposed the probate of such will. It also appeared that J. T. Thomasson who was appointed administrator, filed a caveat and opposed the probate of the will. It appeared that J. T. Thomasson had collected over $7000 belonging to the estate of Mrs. Thomasson, and that in his capacity as administrator he had paid out such sum, which disbursements included the funeral expenses, nurse hire, attorneys' fees, stenographer's cost, and court costs, and also included $2000 paid to L. M. Trawick and $4350.61 paid to J. J. Thomasson. There was evidence tending to show that the assets of the estate of the deceased exceeded $25,000. There was evidence from which the jury might find that the payment of $2000 to L. M. Trawick was unauthorized. There was introduced a security deed showing that J. J. Thomasson was indebted to the deceased in the sum of several thousand dollars. It appeared also that J. J. Thomasson claimed that the deceased was indebted to him, and that the administrator had recognized this claim. The jury returned a verdict in favor of the objections interposed by Mrs. Barber. J. J. Thomasson, J. T. Thomasson, and W. E. Thomasson, as such executors, moved for a new trial, which was overruled and they excepted by writ of error to the Supreme Court. That court, on November 29, 1940, transferred the case to this court. *Thomasson* v. *Barber,* 191 *Ga.* 262 (11 S. E. 2d, 887).

The fact that the judgment of the superior court admitting the will to probate was approved by the Supreme Court on appeal does not show as a matter of law that the executors are qualified as executors of the estate of the deceased and that such judgment is res judicata of the entire matter. The effect of the decision of this court upon exception to the overruling of the general demurrer interposed by the executors to these objections is that they are meritorious, and upon evidence tending to establish any of such objections a finding by the jury that the executors were not qualified and entitled to be appointed was authorized. Under the decision of this court, affirming the ruling on the general demurrer to the objections, the verdict of the jury finding against the executors and in favor of such objections was not without evidence to support it, and the special grounds of the motion for new trial which deal with evidence tending to establish such objections and with por-

tions of the charge of the court relative to such objections are without merit. While the decision of the Supreme Court in *Thomasson v. Hudmon,* supra, was an affirmance of the judgment of the superior court admitting the will to probate, and was an adjudication that such will was a last will and testament of the deceased, and that such will designated J. J. Thomasson, J. T. Thomasson and W. E. Thomasson as executors, such judgment and the decision of the Supreme Court approving the same were not an adjudication that the three persons above named were as a matter of law entitled to qualify and act as executors of the will of Mrs. Thomasson.

It follows that the court did not err in overruling the motion for new trial made by the executors.

*Judgment affirmed. Sutton and Felton, JJ., concur.*