## 76509. CLARKE v. CLARKE.
(372 SE2d 475)

BENHAM, *Judge.*

This case arises from a petition in probate court for letters of administration of the estate of Ulysses George Clarke. The petition was filed by Betty Campbell Clarke, who alleged that she was the widow of Mr. Clarke. A caveat was filed by Alice Mae Clarke, who alleged that she was the lawful widow of Mr. Clarke and that she was, therefore, entitled to administer his estate. In support of a motion for summary judgment, Alice Mae Clarke showed that she and Mr. Clarke were married in 1954 and that the marriage was never dissolved, and that Mr. Clarke married Betty Campbell Clarke in 1957 and lived with her until his death. This appeal is from the grant of summary judgment to Alice Mae Clarke.

1. The undisputed evidence in this case is that Mr. Clarke's marriage to Alice Mae Clarke was never dissolved. That being so, Mr. Clarke's subsequent ceremonial marriage to Betty Campbell Clarke was void (*Reese v. American Mut. Liability Ins. Co.,* 67 Ga. App. 420 (2) (20 SE2d 773) (1942)) and Alice Mae Clarke was unquestionably his widow. Since there was no evidence that Alice Mae Clarke was for any other reason disqualified, she was entitled as widow of the decedent to letters of administration. *Maddox v. Maddox,* 27 Ga. App. 369 (1) (108 SE 304) (1921).

In the trial court and on appeal, appellant has argued that, notwithstanding the legal invalidity of her marriage, she should be considered the widow and be permitted to administer the estate because it was she who lived with the decedent for thirty years and bore him four children. Unfortunately for appellant, the law is clear on this issue: Alice Mae Clarke is legally the widow of the decedent and is entitled by OCGA § 53-6-24 (1) to administer his estate. The trial court was correct in awarding judgment to appellee Alice Mae Clarke.

2. While appellant's position on this appeal is without legal merit, we are not persuaded that this appeal was taken for the purpose of delay only. Appellee's motion for the imposition of a penalty

for a frivolous appeal is, therefore, denied.
*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Michael C. Pratt*, for appellant.
*Clyde M. Thompson, Jr.*, for appellee.